483 A.2d 990

**COMMONWEALTH of Pennsylvania**

v.

**Gene Leroy ROGERS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Nov. 2, 1984.

Petition for Allowance of Appeal Denied March 25, 1985.

Samuel C. Stretton, West Chester, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

On May 5, 1980, appellant, Gene Leroy Rogers, entered a plea of guilty to murder in the second degree, robbery and conspiracy in the Court of Common Pleas of Chester County.

Appellant had been charged with murder, kidnapping, robbery, theft by unlawful taking (automobile), receiving stolen property, unauthorized use of a motor vehicle, aggravated assault, simple assault and criminal conspiracy. At trial, the Commonwealth was seeking the death penalty. Trial started April 28, 1980. Upon listening to the Commonwealth's witnesses during the first week of trial, appellant became concerned, along with members of his family, with the possibility of being convicted of First Degree Murder and receiving the death penalty. His counsel's concern was the potential for consecutive sentences on the kidnapping, robbery and related offenses in the event appellant was convicted of all the charges. Trial counsel was of the opinion that a single life sentence without sentences on the related offenses, offered appellant the most advantageous opportunity of eventual release from prison. At this point in the trial, counsel for appellant advised the court that appellant would enter guilty pleas to second degree murder, robbery and conspiracy. Pursuant to an agreement with the Commonwealth, the remaining charges were to be nol prossed and it was further agreed that a consecutive sentence would not be imposed on the criminal conspiracy charge. The colloquy conducted by the trial court, the learned President Judge E.T. Marrone, in accepting the plea, lasted one hour and ten minutes and covered 43 pages of transcribed testimony. It was complete in every detail.

A motion to withdraw the plea or to challenge its validity was not filed. Appellant was sentenced on May 19, 1980 to

mandatory life imprisonment on the murder conviction. No sentence was imposed on the robbery and conspiracy convictions.

Appellant did not challenge the propriety of sentence nor did he appeal from the judgment of sentence. Instead, on September 17, 1980, he filed a petition for post conviction relief alleging ineffectiveness of counsel and an unlawfully-induced guilty plea. This appeal was taken from the order dated November 12, 1982 denying post conviction relief.

The facts in this case are as follows: on October 16, 1979, between 9:00 and 10:00 p.m., appellant and Donald Middleton left the Central Tavern in Coatesville, Pennsylvania and joined several friends who were loitering across the street. Shortly thereafter, sixteen-year-old Tommy Flood left the tavern in an obviously intoxicated condition, entered his vehicle and fell asleep at the steering wheel without attempting to drive. Flood's actions were apparent to appellant, Middleton and the others. Appellant announced that he was going to "roll" the victim and borrowed a knife for that purpose.

Without provocation, appellant and Middleton approached the automobile, opened the driver's door and commenced striking Flood's face and torso and kicking his ribs. Then, with Flood inside, the assailants drove off.

Although there were no eyewitnesses to most of the assailants' subsequent actions, there was circumstantial evidence that appellant and Middleton continued to assault Flood both inside and outside the vehicle, drove the vehicle over him and left him lie on Rock Run Road in Chester County. Flood's body was discovered at 12:20 a.m. on October 17, 1979. An autopsy determined multiple head injuries as the cause of death.

At approximately 11:30 p.m. on October 16, 1979, appellant and Middleton drove to the apartment of Middleton's sister. They were driving Flood's automobile without the victim, apparently having disposed of the body. Thereafter, they drove to Downington, Pennsylvania, to visit appellant's

girlfriend, Peggy Hunter. Ms. Hunter joined the two assailants in the victim's automobile. When the vehicle stalled due to mechanical problems in Downington, all three were apprehended. At that time Ms. Hunter was wearing a jacket given to her by appellant a short while before. It was identified as the victim's. When Flood's automobile was recovered following arrest, an indentation was discovered on the hood. It was apparently caused by the victim's head being pushed violently onto the hood. Also, hair samples, identified as the victim's were removed from the windshield wipers.

First, appellant argues that his guilty plea was improperly induced by counsel's alleged misrepresentations concerning length and conditions of sentence. Particularly, appellant complains that counsel assured him that actual imprisonment would not exceed ten to twelve years. Therefore, appellant alleges that he interpreted the mandatory life sentence as ten to twelve years of imprisonment. Appellant further alleges that counsel did not inform him that commutation of a life sentence by the governor was required for release and that the victim's family had the right to oppose commutation. For these reasons, appellant maintains that his guilty plea was involuntary and his failure to file a petition to withdraw was not a waiver of his right to challenge the plea.

Where ineffectiveness of counsel causes the entry of an involuntary and unknowing plea, the defendant is entitled to post conviction relief. *Commonwealth v. Whittaker*, 292 Pa.Super. 172, 436 A.2d 1207 (1981). That appellant pled guilty due to counsel's assurance that he would actually serve ten to twelve years of the life sentence is belied by the record. During the guilty plea colloquy, appellant acknowledged his understanding of counsel's advisory position and his right as defendant to choose ultimate defense strategy. Furthermore, he answered affirmatively to whether he understood the mandatory life sentence on second degree murder and the range of sentences on robbery and conspiracy. Finally, appellant assured the court

that neither the prosecutor's office nor counsel induced his plea with promises of leniency.

Appellant is essentially contending that he lied during the colloquy so that his plea would be accepted and counsel's alleged promises fulfilled. Defendants are obligated to respond truthfully to the court's inquiries during a guilty plea colloquy. A guilty plea will not be withdrawn where the defendant lies during the colloquy and subsequently alleges that his lies were improperly induced by counsel. *Commonwealth v. Scott,* 318 Pa.Super. 526, 465 A.2d 678 (1983); *Commonwealth v. Edrington,* 317 Pa.Super. 545, 464 A.2d 456 (1983); *Commonwealth v. Brown,* 242 Pa.Super. 240, 363 A.2d 1249 (1976).

Moreover, the post conviction hearing court resolved a conflict in credibility in favor of trial counsel. At the post conviction hearing, counsel testified that he advised appellant of his possible release from prison following ten to fifteen years should the Parole Board deem it appropriate. Counsel instructed appellant that this opportunity was available following conviction pursuant to a guilty plea. Counsel further testified that his early release was left to the sole discretion of the Parole Board over which he had no influence.

It is apparent that counsel was not equating a life sentence with ten to twelve years of imprisonment. He was advising appellant of his eligibility for parole and not the termination of sentence. The credibility finding is supported by the record and will not be reversed on appeal. *Commonwealth v. Williams,* 310 Pa.Super. 501, 456 A.2d 1047 (1983).

Counsel had no independent recollection of whether he advised appellant that life sentences are commuted by the governor and of the victim's family's right to oppose commutation. He suspected that he so advised appellant as it was his practice to discuss commutation with clients facing potential life sentences.

Assuming appellant was not informed of commutation prior to entry of his plea, he does not demonstrate why that would precipitate an unknowing and involuntary plea. Claims of prejudice and ineffectiveness are not successful when presented in a vacuum. *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Kittrell*, 285 Pa.Super. 464, 427 A.2d 1380 (1981); *Commonwealth v. Possinger*, 264 Pa.Super. 332, 399 A.2d 1077 (1979).

Appellant also contends that his plea was not intelligently, knowing and voluntarily entered due to counsel's failure to request a change of venue and to advise him that intoxication could reduce murder from first to third degree. According to appellant, at least forty-five newspaper articles reported on the proceedings prior to the entry of his plea. Also, he allegedly suffered from alcoholism and was being treated by a prison drug and alcohol counselor.

▮ Counsel explained at the post conviction hearing that [there] was not, in my opinion, any extensive pretrial publicity. It was certainly not the type that would warrant a change of venue. It had been my experience in numerous cases prior to this where I certainly felt publicity was more substantial that the Court was reluctant to grant changes of venue, and in my opinion a motion, if made, would have been denied, ...

(N.T. September 28, 1981, pp. 49–50). We acknowledge that this explanation does not constitute a "reasonable basis designed to effectuate" appellant's interest; counsel merely expresses his opinion that to pursue a change of venue would be futile. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Furthermore, with the possibility of forty-five newspaper articles reporting during pre-trial, we are not prepared to hold meritless a motion for change of venue. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Nevertheless, appellant does not allege that his guilty plea was motivated by his dissatisfaction with venue. At the post conviction hearing, appellant's full testimony on

counsel's decision not to move for change of venue was as follows:

Q. What is the next point you raise in your petition?

A. Okay, Mr. Gavin failed to file a pretrial motion for change of venue, saying there was not enough pretrial publicity concerning my case.

Q. Did you collect the newspaper articles concerning your case?

A. My mother did.

Q. About how many articles were there concerning your case?

A. Between forty and forty-five.

Q. In what papers?

A. West Chester Daily Local News and Coatesville Record.

Q. Over how long a period of time were these articles?

A. Since the arrest up until the date my jury was picked.

Q. Did you ask Mr. Gavin to file a motion for change of venue?

A. Yes, I did.

Q. Did he tell you why he did not?

A. He said it wouldn't do any good. He said there wasn't enough pretrial publicity.

(N.T., September 28, 1981, pp. 15–16). This testimony was evidence of the number of newspaper articles, the period of publication and counsel's refusal to file a motion for change of venue. As such, it provided no grounds for withdrawal of a plea. *See Commonwealth v. Anderson,* supra.

■ According to appellant, he had suffered from alcoholism for five years prior to the crime. Counsel's failure to investigate his alcoholism and advise him of its potential for a defense, allegedly encouraged him to plead guilty.

In response to whether he advised appellant that intoxication would serve as a defense which would earn an acquittal of all charges, counsel testified at the post conviction hearing:

I advised Mr. Rodgers (sic) very clearly that intoxication was mitigating on the charge of homicide only and on any other charge there was no defense whatsoever.

(N.T., September 28, 1981, p. 43). Furthermore, counsel explained why intoxication was not a feasible defense for purposes of reducing murder from first to third degree:

I indicated to him on the homicide charge on the facts, as I knew them and anticipated them being presented, I did not see any way that a jury would come in with anything less than second degree murder because of the viciousness of the assault and then the subsequent running over the victim with his own car.

(N.T., September 28, 1981, p. 44). In addition to the improbability of the jury returning a guilty verdict on less than second degree murder, counsel was fearful of consecutive sentencing in the event appellant was convicted by jury:

What was really concerning me was he would get convicted of everything and get consecutive sentencing.

(N.T., September 28, 1981, p. 46). The plea of guilty eliminated consecutive sentences as evidenced by the imposition of sentence on second degree murder only.

Counsel's post conviction testimony provides a "reasonable basis" for promoting appellant's interest. The entry of a guilty plea to avoid the death penalty as well as consecutive sentences was sound strategy in light of the brutal nature of the assault.

Having determined that appellant's guilty plea was voluntarily, knowingly, and intelligently entered, we believe that appellant's appeal is actually the result of his displeasure with the consequences of that plea. In *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), our Pennsylvania Supreme Court viewed a guilty plea as a "confession of guilt" and not a "ceremony of innocence". *Id.*, 504 Pa. at 559, 475 A.2d at 1307, 1308. The *Anthony* court commented further:

The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is not there

to gauge the likelihood of their proof, nor to weigh them in light of the available procedures for their proof. He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their *legal consequence*.

*Id.*, 504 Pa. at 559, 475 A.2d at 1308. (Emphasis added).

Finally, appellant demands a new post conviction hearing on grounds that the Public Defender of Chester County represented him at the P.C.H.A. hearing despite a conflict of interest. As a result of this alleged conflict, appellant complains that post conviction counsel did not provide effective representation. Post conviction counsel's failure to amend the P.C.H.A. petition, subpoena newspaper articles, cross-examine more extensively and file a brief is allegedly evidence of indifference caused by the conflict of interest.

■ The Public Defender withdrew from representing appellant at trial due to the fact that it represented co-defendant Middleton in a severed trial. However, at the time of appellant's P.C.H.A. proceeding, the Public Defender had ceased representing Middleton three and one-half months earlier. Its representation of Middleton terminated when private counsel filed a petition to withdraw Middleton's guilty plea.

Although a conflict apparently existed at the time appellant and his co-defendant entered their guilty pleas, there was no conflict throughout appellant's post conviction proceedings.

■ Appellant's alleged illustrations of ineffectiveness by post conviction counsel are similarly without merit. Once again, the ineffectiveness allegations do not exceed bare assertions. *Commonwealth v. Brown*, 313 Pa.Super. 256, 459 A.2d 837 (1983).

Order affirmed.