563 A.2d 1273

**COMMONWEALTH of Pennsylvania**

v.

**Luis M. Felix VELASQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 30, 1989.

Filed Sept. 21, 1989.

---

Michelle A. Fox, Harrisburg, for appellant.

Richard A. Lewis, Dist. Atty., Harrisburg, for Com., appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Dauphin County dismissing appellant's Post Conviction Relief Act (PCRA) petition, filed on September 8, 1988.[1] Appellant alleges that the PCRA court erred in

1. The Post Conviction Hearing Act has been modified in part, repealed in part, and renamed the Post Conviction Relief Act by Act of April 13, 1988, No. 47, §§ 3–4, 1988 Pa.Legis.Srv. 227, 229–232. Since appel-

dismissing his petition without a hearing because: (1) his guilty pleas were unlawfully induced by the promise of a lighter sentence; (2) trial counsel was ineffective for advising him to plead guilty; and (3) trial counsel was ineffective for failing to file a motion to withdraw the pleas or an appeal regarding the voluntariness of same. For the following reasons, we affirm.

On January 26, 1987, appellant pleaded guilty to seven counts of unlawful delivery of a controlled substance, stemming from seven separate sales of cocaine to undercover police officers. On March 23, 1987, after reviewing appellant's presentence report, the trial court imposed a sentence totaling twelve to twenty-four years imprisonment. A motion for reduction of sentence was filed and denied. On appeal to this Court, we affirmed.

Thereafter, on September 8, 1988, appellant filed a *pro se* petition under the Post Conviction Relief Act. New counsel was appointed, and on October 8, 1988, filed an amended petition. The PCRA court, on November 14, 1988, denied appellant's petition without a hearing. Appellant then filed the instant appeal.

Appellant contends that his guilty plea was unlawfully induced, that prior counsel was ineffective in advising him to plead guilty, and that counsel was ineffective in failing to withdraw his guilty plea. He claims that prior counsel represented to him that he would receive a sentence of five to ten years rather than the twelve to twenty-four year sentence actually imposed. Pointing to case law handed down under the former PCHA, appellant claims that, at a minimum, he should have been granted a hearing to demonstrate his claims. We disagree.

Before we can address appellant's issues, we must first determine whether they are properly before this Court. In order to challenge the validity of a guilty plea, a motion to withdraw the plea must be filed within ten days after imposition of sentence. Pa.R.Crim.P., Rule 321(a), 42 Pa.C.

lant's petition was filed after the effective date, it is controlled by the provisions of the PCRA.

S.A. Under the former PCHA, absent extraordinary circumstances, the failure to file a timely motion constituted a bar to any issues raised concerning the validity of the plea. *Commonwealth v. Martinez,* 372 Pa.Super. 202, 539 A.2d 399 (1988); *Commonwealth v. Moore,* 365 Pa.Super. 65, 528 A.2d 1364 (1987). The most common "extraordinary circumstance" under the old Act was an allegation of ineffective assistance of counsel. *Commonwealth v. Moore, supra.*

The statute governing appellant's claims is the amended 42 Pa.C.S.A. § 9543(a) which lists four factors a petitioner must plead and prove before becoming eligible for relief. It provides in pertinent part:

**(a) General Rule.**—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

\* \* \* \* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

\* \* \* \* \* \*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

\* \* \* \* \* \*

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

(4) That the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a)

Instantly, appellant has raised a cognizable claim by alleging that prior counsel unlawfully induced him to plead guilty on the promise of a lighter sentence. Turning to section 9543(a)(3), it is clear that appellant's claims have not been finally litigated but they have been waived.[2] This, however, does not end our inquiry for the requirements of that section will be met if any of the three stated conditions are present. While appellant has not pleaded innocence, there still remains for our determination whether appellant's waiver constitutes a state procedural default barring federal habeas corpus relief.

In *Wainright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court of the United States

---

**2.** New section 9544(b) defines waiver of an issue as follows:

**(b) Issues waived.**—For purposes of this subchapter, an issue is waived if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

42 Pa.C.S.A. § 9544(b). Here, none of appellant's claims were raised before the trial court, nor were they raised on direct appeal. Thus, they have been waived. Under former section 9544, a finding of waiver constituted a bar to relief. This procedural flaw could be excused, however, upon a showing of "extraordinary circumstances," *Commonwealth v. Strader*, 262 Pa.Super. 166, 173, 396 A.2d 697, 702 (1978). This exception has been deleted from the new Act, however, and a finding of waiver alone does not bar recovery if any of the other conditions of section 9543(a)(3) are met.

enunciated the standard to determine whether a petitioner's state procedural default would bar a pending federal habeas corpus claim. Dubbed the "cause and prejudice" test, it mandated that those petitioners whose claims were defaulted at the state level show cause for the procedural default and prejudice attributable thereto in order to obtain review of their claims in the federal courts. Though not elaborating on the parameters of this requirement, the Court did imply that a tactical decision on the part of counsel would, in the absence of extraordinary circumstances, bar a petitioner from habeas corpus relief. More recent decisions have expanded the concept of "cause." Thus, in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Court posited that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 478, 106 S.Ct. at 2640, 91 L.Ed.2d at 408. In so reasoning, the Court held that ineffective assistance of counsel under the Sixth Amendment would constitute cause for a procedural default.

■ Under the above analysis, it would appear that a sufficient allegation of ineffectiveness on the part of prior counsel would satisfy the requirements of section 9543(a)(3)(iii). Instantly, one of appellant's claims is that counsel was ineffective in failing to file a motion to withdraw his plea. On reviewing appellant's petition, the supplemental petition filed by new counsel, and appellant's brief on appeal, nowhere is it indicated that prior counsel was instructed to file a motion or an appeal within the requisite time period. To properly allege that his counsel was ineffective, appellant had to claim at a minimum that he instructed his counsel to file the requisite motion or appeal. Claims of ineffectiveness are not sufficient when presented in a vacuum, *Commonwealth v. Rogers*, 335 Pa.Super. 130, 137, 483 A.2d 990, 994 (1984); nor can counsel be deemed ineffective for failing to do what he was not requested to do. *Commonwealth v. Hudson*, 336 Pa.

Super. 174, 485 A.2d 487 (1984); *Commonwealth v. Ross*, 289 Pa.Super. 104, 432 A.2d 1073 (1981). Because we find appellant's claim insufficient, the requirements of section 9543(a)(3) have not been met and we are therefore precluded from addressing its merits.

A different result is required for appellant's remaining allegations. Similar allegations that counsel was ineffective by inducing appellant to plead guilty on the promise of a lighter sentence have been found sufficient under the old Act to preserve issues in collateral proceedings. *See Commonwealth v. Martinez, supra.* Having found no appreciable difference between the PCHA and the PCRA in this regard, we turn to the merits.

In dismissing appellant's petition, the PCRA court relied solely on the written guilty plea colloquy form and the oral colloquy in which appellant indicated that no promises, agreements or inducements had been made, that he understood the maximum penalties for each crime charged, and that he was satisfied with the representation of his counsel. Citing this approach as error, appellant relies on our decision in *Commonwealth v. Paige*, 287 Pa.Super. 133, 429 A.2d 1135 (1985). In *Paige*, this Court, in addressing similar issues, found that the proper approach would have been to hold an evidentiary hearing to determine the validity of the petitioner's claims. Relying solely on the analysis in *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978), we noted that even where a petitioner states at the guilty plea colloquy that the plea was not induced and that counsel's representation was satisfactory, where the record cannot clearly refute a petitioner's claims of unlawful inducement, an evidentiary hearing is warranted. The question then becomes whether this same reasoning mandates a similar result in the instant case. We think not.

In *Strader* we were faced with more than a mere assertion of a promised lighter sentence. There, unlike the instant case, it was also alleged that the plea of guilt was induced by counsel's failure to conduct an appropriate investigation, counsel's failure to prepare an adequate defense,

counsel's failure to move to suppress a suggestive identification, and counsel's advice to plead guilty for pragmatic reasons rather than grounds of innocence or guilt. Because the panel could not find support on the record for all of the varied claims, the case was remanded for an evidentiary hearing.

■ We are not faced with this particular set of circumstances in the case *sub judice*. Here, appellant's claim is only that his counsel promised him a lighter sentence than actually received, a claim belied by the record. While we recognize that the panel in *Paige* reached the opposite result, we find that the record in the present case clearly refutes appellant's contentions of inducement. To hold otherwise and grant appellant his requested relief on the grounds that he lied at his guilty plea colloquy would make a mockery of the judicial system as well as circumvent the purpose of the PCRA—to correct a fundamentally unfair conviction.[3] Because we are unwilling to reach, this result, we reject appellant's claims.

Having found no basis upon which to grant the relief requested by appellant, we have no alternative but to uphold the decision of the PCRA court.

Order affirmed.

BECK, J., concurs in the result.

**3.** In *Commonwealth v. Rogers,* 335 Pa.Super. 130, 483 A.2d 990 (1984), the appellant claimed that his guilty plea was induced by counsel's assurance that he would serve only ten to twelve years of a mandatory life sentence. This claim was alleged despite appellant's assertions at his guilty plea colloquy that he understood the consequence of the mandatory life sentence and that no inducements of leniency were made with respect to his plea. In addressing this claim, we stated:

Appellant is essentially contending that he lied during the colloquy so that his plea would be accepted and counsel's alleged promises fulfilled. Defendants are obligated to respond truthfully to the court's inquiries during a guilty plea colloquy. A guilty plea will not be withdrawn where the defendant lies during the colloquy and subsequently alleges that his lies were improperly induced by counsel. (Citations omitted).

Id., 335 Pa.Superior Ct. at 136, 483 A.2d at 993. While in *Rogers* we note that the appellant was also provided with a hearing on his claim, the logic of that panel's statements should not be overlooked.