J-S58025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD STEPTOE ANDREWS | |
| Appellant | No. 660 MDA 2015 |

Appeal from the PCRA Order March 19, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000266-2013

BEFORE:  GANTMAN, P.J., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 07, 2015**

Appellant, Edward Steptoe Andrews, appeals from the order entered on March 19, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9141-9146.  After careful review, we affirm.

The PCRA court briefly summarized the facts and procedural history of this case as follows:

> On April 26, 2013 in South Renovo Borough, Clinton County, Pennsylvania, [Appellant] discharged a firearm nine (9) times through a door that [Appellant] knew Alma Antram was behind.  Alma Antram was struck four (4) times and required medical treatment.  At the same time and place, [Appellant] threw a twelve (12) inch fixed blade knife that struck Douglas Antram in the foot, causing him to receive medical treatment.  [Appellant] had a blood alcohol content of .249 at the time of the aforementioned events.
>
> [Appellant] entered pleas of nolo contendere to [c]riminal [a]ttempt/[h]omicide and [a]ggravated [a]ssault for [his]

* Retired Senior Judge assigned to the Superior Court.

actions against Alma Antram. [Appellant also] entered a plea of nolo contendere for [his] actions against Douglas Antram.

\* \* \*

[Appellant] was sentenced [to an aggregate term of 21 to 42 years of imprisonment] on the aforementioned counts on November 25, 2013. On December 12, 2014, [Appellant] filed a PCRA petition []. [Appellant's] petition allege[d] ineffective assistance of counsel in connection with the plea negotiations and ineffective assistance of counsel during the plea colloquy. […] A hearing on this matter was held on March 11, 2015 [wherein trial counsel and Appellant testified].

PCRA Court Opinion, 3/19/2015, at 1-2. The PCRA court denied relief by order and opinion entered on March 19, 2015. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Whether defense counsel's performance was deficient when he did not ensure that [Appellant] understood the elements of the offenses to which he was pleading nolo contendere and whether the deficient performance caused prejudice because there was a reasonable probability that, but for the attorney incompetence, [Appellant] would not have pled nol[o] contendere but instead would have insisted on a jury trial?

2. Whether defense counsel's performance was deficient for failing to advise [Appellant] that he had a defense of voluntary intoxication and whether there was a

_____

[1] On April 14, 2015, Appellant filed a notice of appeal. On April 15, 2015, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 4, 2015. On May 5, 2015, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier decision entered on March 19, 2015.

> reasonable probability that [Appellant] would have insisted on a jury trial had he known of the defense?

Appellant's Brief at 1-2 (complete capitalization omitted).[2]

In his first issue presented, Appellant claims that defense counsel provided ineffective assistance of counsel for failing to ensure Appellant understood the elements of the offense of attempted murder prior to entering a *nolo contendere* plea to that crime. *Id.* at 15-24. More specifically, Appellant contends that defense counsel was ineffective for failing to inform Appellant "that the charge of attempt to commit criminal homicide requires the element of specific intent to kill." *Id.* at 13. Appellant avers that although he admitted to firing through a door in the direction of Alma Antram's feet, a non-vital part of her body, he did not admit to intending her death. *Id.* at 19. He alleges "neither the [g]uilty [p]lea [s]tatement, nor the trial judge, nor defense counsel informed [Appellant] that the *mens rea* required for attempted [] murder was the same as for first[-]degree murder." *Id.* Appellant maintains, "[d]efense counsel's testimony [at the PCRA hearing] revealed that [defense counsel] was not aware that specific intent to kill was required to enter a nolo plea to the charge of attempted murder[]" and, instead, "misadvised [Appellant] that he could be guilty of attempted murder if he acted negligently or recklessly."

---

[2] On August 21, 2015, Appellant filed a motion for enlargement of time to file his reply brief. As we received Appellant's reply brief in time to review it before rendering this decision, we grant Appellant's motion and consider his reply brief to be timely filed.

*Id.* at 19-20. Thus, he contends his plea was not made knowingly, intelligently or voluntarily. *Id.* at 23-24.

Our standard of review is well-settled. "As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Perzel***, 116 A.3d 670, 671 (Pa. Super. 2015) (internal citation omitted). "Accordingly, to prove plea counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission." *Id.* at 671-672. "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Id.* at 672.

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citation omitted).

"Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of

the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." *Id.* (citations omitted). Moreover, this Court recently determined, "the trial court's failure to explain the elements of the offense on the record does not constitute *per se* prejudice[]." *Commonwealth v. Molina*, 2015 WL 6164878, at *4 (Pa. Super. 2015). In *Molina*, we determined when an appellant "acknowledged in the written [plea] colloquy that he discussed with plea counsel the elements of each charged offense, the factual basis for each charged offense, and how the facts in his case prove the elements of each charged offense[,]" the plea was knowing, intelligent and voluntary. *Id.* (internal quotations and brackets omitted). Finally, we note, "[d]efendants are obligated to respond truthfully to the court's inquiries during a guilty plea colloquy." *Commonwealth v. Rogers*, 483 A.2d 990, 993 (Pa. Super. 1984). "A guilty plea will not be withdrawn where the defendant lies during the colloquy and subsequently alleges that his lies were improperly induced by counsel." *Id.*

Here, Appellant signed a written colloquy prior to entering his plea, which stated, in pertinent part:

### Admission of Guilt or No Contest and Penalties

I understand and agree that I am pleading guilty or nolo contendere to the crimes listed below. I understand, and my lawyer has explained to me, the elements of these crimes and the possible penalties for them. By pleading guilty, I agree and admit that I committed each element of these crimes, or by pleading nolo contendere. I do not

contest that I committed each element of these crimes. I agree that the Commonwealth can prove that I committed each element of these crimes beyond a reasonable doubt. I am pleading nolo contendere to the following crimes:

A.)     Count 1:  Criminal Attempt-Homicide, felony of the first-degree, and the maximum penalty for this crime is 40 years in jail and a $25,000.00 fine.

Guilty Plea Statement, 10/30/2013, at 6.  In addition to signing the written colloquy, Appellant initialed this paragraph twice.

Moreover, Appellant initialed paragraph 32 of the written colloquy, which states:

I have had enough time to fully discuss my case and my decision to plead guilty or nolo contendere and everything contained in this Guilty Plea Statement with my lawyer, and by placing my initials on all of the lines provided, I am saying that I understand, agree with, and answered truthfully, everything contained in this Guilty Plea Statement.

*Id.* at 8.

Upon review of the notes of testimony from the plea hearing, there is no dispute that neither defense counsel nor the trial court set forth the specific elements of attempted homicide on the record.  The trial court, however, engaged in the following exchange at the plea hearing:

The Court:     I've been told you're going to plead no contest to three different charges.  Those charges are attempted homicide of Alma Antram, aggravated assault of Alma Antram, and aggravated assault of Douglas Antram.  Is that what your understanding is going on here today?

[Appellant:]     Yes, sir.

- 6 -

The Court: The first thing I need to tell you is a no contest plea, what you're telling me to do is to accept the facts that are alleged in the charging documents as true, that you are not contesting them, that they suffice to find you guilty of the charges and that I should go ahead and sentence you as if you pled guilty or were found guilty. Do you understand that?

[Appellant:] Yes, sir.

The Court: I also have to tell you that the information that you're telling me to accept as true concerning Count 1, criminal attempt/homicide is that – the facts would be that **you're telling me to accept as true is that on Friday, April 26, 2013, in South Renovo Borough, Clinton County, Pennsylvania, you attempted to cause the death of Alma Antram by discharging a firearm nine times through the door of Antram's residence** striking her four times causing her to receive medical treatment. Do you understand they're the facts you're telling me to accept by pleading no contest?

[Appellant]: Yes, sir.

* * *

The Court: Do you have any questions about these facts?

[Appellant]: No, sir.

N.T., 10/28/2013, at 5-7 (emphasis added). Moreover, Appellant acknowledged that defense counsel explained the contents of the written colloquy to him and Appellant had no further questions. *Id.* at 9.

Finally, the bill of criminal information filed by the Clinton County District Attorney, which is contained in the certified record, specifies:

**Count 1: CRIMINAL ATTEMPT-HOMICIDE – (FELONY 1)**

- 7 -

> Defendant did, with intent to commit a specific crime, namely Title 18 Section 2501(a), Homicide, commit any act which constitutes a substantial step toward the commission of that crime, namely defendant did attempt to cause the death of Alma Antram by discharging a firearm 9 times through the door of Antram's residence striking Antram 4 times causing Antram to receive medical treatment, in violation of 18 Pa.C.S. Section 901(a) of the Pennsylvania Crimes Code [].

Criminal Information, 7/2/2013, at 1.

Based upon all of the foregoing, we conclude there is no merit to Appellant's claim that defense counsel was ineffective for failing to inform Appellant of the elements of attempted homicide. Both the criminal information and the trial court's oral colloquy established that Appellant was aware of the nature of the charges against him, despite the trial court's failure to delineate the elements of the crimes on the record. Appellant agreed to the facts of the case as recited to him and agreed that he attempted to cause the death of the victim. Moreover, Appellant signed a written colloquy in which he acknowledged that trial counsel explained the elements of the offense to him and he was satisfied with counsel's explanation. Appellant had no further questions for the trial court before entering his plea. Like the defendant in **Molina**, Appellant acknowledged in the written colloquy that he discussed with counsel the elements of attempted homicide, the factual basis for the charge, and how those facts proved the elements of that offense. **See Molina**. Appellant clearly stated in the written colloquy and at the plea hearing that counsel apprised him of

the elements of attempted homicide. To find otherwise, we would have to conclude that Appellant lied at the plea hearing and counsel induced those lies. Appellant cannot rely upon such argument. ***See Rogers***. Based upon a totality of the circumstances, including Appellant's written acknowledgment that defense counsel explained the elements of the offense to him and our review of the plea proceeding as a whole,[3] we agree there is no merit to Appellant's first ineffective assistance of counsel claim. Hence, we discern no abuse of discretion or error of law in denying Appellant relief.

Next, Appellant claims defense counsel was ineffective for failing to advise him that he had a defense of voluntary intoxication. Appellant's Brief at 24. We disagree.

This Court's decision in ***Commonwealth v. Williams***, 730 A.2d 507 (Pa. Super. 1999) is directly on point. Therein, we concluded:

> Our legislature has declared that a voluntarily inflicted drugged or intoxicated condition will not serve to exonerate or excuse criminal conduct. This declaration is embodied in 18 Pa.C.S.A. § 308, which provides:
>
> **§ 308. Intoxication or drugged condition**
> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negate

---

[3] At the hearing on Appellant's PCRA petition, defense counsel testified he explained to Appellant the Commonwealth's evidence could prove specific intent because Appellant left the scene to retrieve the weapons before using them, the bullet hole trajectories showed the shots were fired higher than leg level, and Appellant fled the scene thereafter. N.T., 4/11/2015, at 19-20. For this additional reason, we find no merit to Appellant's first claim.

the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant **whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.**

18 Pa.C.S.A. § 308 (emphasis added). Mr. Williams argues that since evidence of voluntary intoxication may be offered to negate the specific intent to kill in a first-degree murder prosecution it may likewise be offered in an attempted murder in the first-degree prosecution. We disagree.

While this novel argument has a certain logical appeal it is nonetheless misplaced. As § 308 clearly dictates the only legal significance of the voluntary consumption of alcohol is when it "is relevant to reduce murder from a higher degree to a lower degree of murder." *Id.* In an attempted murder case the lowering of the degree is logically impossible. There simply is no such crime as attempted second or third degree murder.

In *Commonwealth v. Griffin,* 456 A.2d 171 (Pa. Super. 1983) we ordered a new trial because the trial court improperly instructed the jury that it could find Mr. Griffin guilty of attempted first degree murder if it found an intention to commit murder of any degree. We explained why such crimes are impossible as follows:

> The question squarely presented to us is whether someone can attempt to commit murder of the second or third degree. We think not. A person commits an attempt when, *with intent to commit* a *specific* crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901. Murder of the second or third degree occurs where the killing of the victim is the unintentional result of a criminal act. Thus, an attempt to commit second or third degree murder would seem to require proof that a defendant intended to perpetrate an unintentional killing which is logically impossible. While a person who only intends to commit a felony may be guilty of second degree murder if a killing results, and a person who only intends to inflict bodily harm may be guilty of

- 10 -

third degree murder if a killing results; it does not follow that those persons would be guilty of attempted murder if a killing did not occur. They would not be guilty of attempted murder because they did not intend to commit murder they only intended to commit a felony or to commit bodily harm.

*Id.* at 177.

The *Griffin* panel then cites to an example from the *Handbook on Criminal Law,* by LaFave and Scott, to further illustrate why it is necessary to prove an intent to kill in order to sustain the charge of attempted murder:

Some crimes, such as murder, are defined in terms of acts causing a particular result plus some mental state which need not be an intent to bring about that result. Thus, if A, B, and C have each taken the life of another, A acting with intent to kill, B with an intent to do serious bodily injury, and C with a reckless disregard of human life, all three are guilty of murder because the crime of murder is defined in such a way that any one of these mental states will suffice. However, if the victims do not die from their injuries, then only A is guilty of attempted murder; on a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm or that he acted in reckless disregard of human life. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another).

*Griffin*, 456 A.2d at 177; LaFave and Scott, *Handbook on Criminal Law,* § 59 at 428-29 (1972) (footnotes omitted).

\*          \*          \*

If we were to accept Mr. Williams' position that voluntary intoxication can serve to negate the specific intent to kill element of attempted murder we would be condoning the accused's voluntarily self-induced intoxication as a complete defense to a charge of attempted murder. Such a conclusion

is contrary to the prohibition of such defense expressed in § 308. Therefore, we agree with the PCRA court that Mr. Williams' underlying claim has no arguable merit. Accordingly, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim.

*Williams*, 730 A.2d at 511-512.

Here, the same holds true. Voluntary intoxication was not an available defense to attempted homicide. Thus, there is no merit to Appellant's second ineffective assistance claim and we discern no error of law in the PCRA court's denial of relief.

Order affirmed. Motion for enlargement of time for filing Appellant's reply brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015