J-S75042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LAWRENCE MARTIN, | : | |
| | : | |
| Appellant | : | No. 930 WDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
in the Court of Common Pleas of Washington County,
Criminal Division at No(s):  CP-63-CR-0002453-2016

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 **FILED JANUARY 30, 2018**

Lawrence Martin ("Martin") appeals from the judgment of sentence imposed following the entry of his guilty plea to possession of drug paraphernalia.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background as follows:

> By means of a post-sentence [M]otion, [Martin sought] to withdraw his guilty plea to one count of [p]ossession of [d]rug [p]araphernalia.  [Martin] entered his plea and was sentenced on May 3, 2017.[2]  His plea was entered prior to the

---

[1] **See** 35 P.S. § 780-113(a)(32).

[2] The trial court sentenced Martin to pay the costs of prosecution and to spend 12 months in the Intermediate Punishment Program, the first three months of which to be served on an electronic home monitor.  The trial court also ordered Martin to submit to a drug and alcohol evaluation, and to perform 50 hours of community service.

commencement of a non-jury trial ….  At the time he entered his plea, [] Martin and his counsel submitted to the court a ten (10) page written "Guilty Plea Colloquy and Explanation of Defendant's Rights."  Further, prior to accepting [] Martin's plea and the bargain he and his counsel struck with the Commonwealth, the court questioned [] Martin.

[] Martin now contends that he entered the plea at a time when he was suffering from a mental illness that prevented him from entering a valid plea of guilty.  [] Martin stated "I know I ain't playing with the whole deck right now."  He offered a written report from a mental health counselor, Rachal Trice ("Counselor Trice"), of SPHS Behavioral Health.  Counselor Trice confirmed that [] Martin attended a co-occurring evaluation in January of 2017[,] and was admitted into treatment.  Counselor Trice's report did state that [] Martin "presented with symptoms of Schizoaffective Disorder."  Counselor Trice's report did not indicate a diagnosis[,] and did not state that [] Martin was incompetent to stand trial.  The report confirmed that [] Martin was actively treating by attending outpatient therapy sessions.  The report did not state that he was prescribed any medication for his condition.

During the Commonwealth's cross-examination at the post-sentence hearing, [] Martin displayed a remarkable recollection of the events, considerations and negotiations that culminated in the entry of his plea.  [] Martin expressed displeasure with the sentence he previously asked this court to accept.

Trial Court Opinion, 5/31/17, at 1-2 (unnumbered, footnote added, reference to the record omitted).

On May 31, 2017, the trial court entered a Memorandum and Order in which it denied Martin's post-sentence Motion to withdraw his guilty plea. Martin filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters complained of on appeal.

On appeal, Martin raises the following issue for our review: "Did the trial court abuse its discretion by denying [Martin's] Motion to withdraw his guilty plea[,] as it was not knowingly and intelligently made, as a result of his mental health circumstances?" Brief for Appellant at 7 (capitalization omitted).

Martin contends that during the hearing on his post-sentence Motion to withdraw his guilty plea, he testified that (1) "he was receiving treatment for mental health purposes and was on medication at the time of his plea[;]" and (2) "he had numerous other stressors that implicated his decision-making ability on the day of entering his plea, including contemplating how the impending plea would affect his parole/probation revocation proceedings[ and] the non-existence of requested evidence …." Brief for Appellant at 12. Martin asserts that he "acknowledged his answers in the guilty plea colloquy[,] but stated even with counsel's assistance, he did not fully understand the contained answers." *Id*. at 12-13. Martin "acknowledges answers at the plea hearing in regards to his medication, but further explains at the [M]otion hearing that it did not fully explain his condition at the time." *Id*. at 13. Martin argues that "[g]iven the mental conditions discussed during the [M]otion hearing regarding the then-existing outside conditions of Martin, it would appear that the full extent of the potentially involuntary nature of Martin's plea was not known at the time of the plea hearing on May 3, 2017." *Id*.

A defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. **See Commonwealth v. Hutchins***,* 683 A.2d 674, 675 (Pa. Super. 1996). A trial court's decision as to whether to allow a guilty plea to be withdrawn will not be disturbed absent an abuse of discretion. **See Commonwealth v. Jones***,* 566 A.2d 893, 895 (Pa. Super. 1989).

"When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing*, it is well-established that 'a showing of prejudice on the order of manifest injustice … is required before withdrawal is properly justified.'" **Commonwealth v. Shaffer**, 446 A.2d 591, 593 (Pa. 1982) (citing **Commonwealth v. Starr***,* 301 A.2d 592, 594 (Pa. 1973)) (emphasis in original). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because a plea withdrawal can be used as a sentence-testing device. **See Shaffer**, 446 A.2d at 593. In order to meet such burden, "some demonstration must be made that the plea was *not voluntary* or that the plea was entered *without knowledge of the charge* such that refusing to allow the petitioner to withdraw his plea would amount to a manifest injustice." **Id**. (emphasis in original).

"Defendants are obligated to respond truthfully to the court's inquiries during a guilty plea colloquy." **Commonwealth v. Rogers**, 483 A.2d 990, 993 (Pa. Super. 1984). Our law presumes that a defendant who elects to enter a guilty plea is aware of what he is doing. **Commonwealth v.**

*Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). Consequently, a defendant is bound by the statements he makes during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements. *Id*. "A guilty plea will not be withdrawn where the defendant lies during the colloquy and subsequently alleges that his lies were improperly induced by counsel." *Rogers*, 483 A.2d at 993.

Here, the trial court determined that Martin entered his guilty plea knowingly, voluntarily and intelligently. *See* Trial Court Opinion, 5/31/17, at 3-4 (unnumbered). Based on our review of the record, including the written guilty plea colloquy and the transcripts from the guilty plea hearing and the hearing on Martin's Motion to withdraw his guilty plea, we agree with the trial court's determination. Martin indicated in his comprehensive written guilty plea colloquy that he understood: (1) the nature of the charges to which he was pleading guilty; (2) the factual basis for the plea; (3) he was giving up his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court was not bound by the terms of the agreement unless the court accepted the plea. *See* Guilty Plea Colloquy and Explanation of Defendant's Rights, 5/3/17, at 1-9. Martin indicated that he did not have any physical or mental illness that would affect his ability to understand his rights or the voluntary nature of his plea. *Id*. at 7. Martin also indicated that he was not taking any medication which might affect his thinking or impair his ability to think

clearly. *Id*. At his guilty plea hearing, Martin indicated that he had read the *entirety* of the Guilty Plea Colloquy and Explanation of Defendant's Rights, and that all of his answers therein were truthful. *See* N.T., 5/3/17, at 7. When the trial court asked Martin if he had any physical or mental illness that would affect his ability to enter a voluntary plea, Martin stated "Well, as long as I'm on my medication. I haven't been missing. I take Zoloft, Abilify, and Remeron. … I took my medicine…." *Id*. at 8. At his plea hearing, Martin confirmed to the trial court that he was "clear in his thinking" and understood the trial judge. *Id*.

However, at the hearing on Martin's Motion to withdraw his guilty plea, Martin indicated that he "took the plea under tremendous stress." N.T., 5/26/17, at 4. Martin stated that he was "not guilty of the crime" and "the only reason why I took the plea is because I was coasted [*sic*] to a position that I really didn't understand the handwriting." *Id*. at 16. Martin denied that all of the answers he provided in his written colloquy were incorrect, but stated that "I just didn't comprehend them all, because I just didn't have the proper time to sit down and read them." *Id*. at 12. Martin conceded that one of the reasons why he wanted to withdraw his guilty plea was that it had resulted in the violation of his parole in another criminal case. *Id*. at 19.

We conclude that Martin failed to demonstrate that that the plea was *not voluntary* or that the plea was entered *without knowledge of the charge* such that refusing to allow Martin to withdraw his plea would amount to a

manifest injustice. **See Shaffer**, 446 A.2d at 593. Our law presumes that by electing to enter a guilty plea, Martin was aware of what he is doing. **Yeomans**, 24 A.3d at 1047. Martin is bound by the statements he made during the plea colloquy, and may not now assert grounds for withdrawing the plea which contradict those statements. **Id**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2018