J-S37024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN SMITH-HOBSON | : | |
| | : | |
| Appellant | : | No. 2610 EDA 2021 |

Appeal from the PCRA Order Entered October 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008242-2018

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:           **FILED DECEMBER 16, 2022**

Jordan Smith-Hobson appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

On August 19, 2018, Smith-Hobson was at the Sunoco on 52nd Street and Lancaster Avenue in Philadelphia. Smith-Hobson was engaged in an argument with the cashier when Richard Porter, a 62-year-old security guard, approached Smith-Hobson. Porter requested that Smith-Hobson leave the area. Despite Porter's requests, Smith-Hobson continued to return to the Sunoco and start arguments. The final time Smith-Hobson returned, Porter was smoking a cigarette outside the Sunoco when Smith-Hobson approached him. Smith-Hobson began punching Porter repeatedly until Porter fell down. During the altercation, Porter pulled out a knife. Smith-Hobson continued

hitting Porter until Porter lost consciousness. After Porter lost consciousness, Smith-Hobson began stomping and kicking Porter's head. Porter was taken to the hospital where he was treated for his injuries before being discharged.

Smith-Hobson was charged with aggravated assault,[1] simple assault,[2] robbery,[3] and theft.[4],[5] Ultimately, on November 19, 2019, Smith-Hobson proceeded to a non-jury trial. At trial, the Commonwealth presented two videos of the incident; one was the surveillance video from the Sunoco gas station, the second was taken on a witness's cell phone. Both videos depicted Smith-Hobson approach Porter, punch him repeatedly, and then kick and stomp on Porter as he lay on the ground.

The trial court convicted Smith-Hobson of aggravated assault and acquitted him of the remaining offenses. The trial court ordered the preparation of a pre-sentence investigation report and deferred sentencing. On January 17, 2020, the trial court sentenced Smith-Hobson to 27 to 54 months in prison, with credit for time served. Smith-Hobson did not file a post-sentence motion or a direct appeal.

_____

[1] 18 Pa.C.S.A. § 2702(a).

[2] *Id.* at § 2701(a).

[3] *Id.* at § 3701(a)(1).

[4] *Id.* at § 3921(a).

[5] The theft and robbery charges were based upon Porter's testimony that his phone was missing after the assault, but the trial court found that there was insufficient evidence to show Smith-Hobson took the phone.

On June 10, 2020, Smith-Hobson filed a *pro se* PCRA petition alleging various ineffective assistance of counsel claims. The PCRA court appointed counsel, who filed an amended PCRA petition on December 7, 2020. The PCRA court conducted a hearing on May 27, 2021, after which it filed a Pa.R.Crim.P. 907 notice of intent to dismiss Smith-Hobson's PCRA petition. Smith-Hobson did not file a response and, on October 8, 2021, the PCRA court dismissed Smith-Hobson's PCRA petition.

Smith-Hobson filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal in compliance with Pa.R.A.P. 1925(b). Smith-Hobson now raises the following claims for our review:

> [1.] Whether trial counsel was ineffective for failing to file a post-trial motion that the verdict was against the weight of the evidence[.]
>
> [2.] Whether trial counsel was ineffective for failing to file a post-sentence motion to reconsider [Smith-Hobson's] sentence[.]
>
> [3.] Whether [Smith-Hobson] is entitled to a new trial based on newly[-]discovered evidence that would likely change the outcome of the case[.]

Brief for Appellant, at 8.

> When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [A]ct. Our standard of review permits us to consider only where the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Smith-Hobson's first two claims challenge the effectiveness of trial counsel, which we address separately. In his first claim, Smith-Hobson argues that his trial counsel rendered ineffective assistance by failing to file a post-sentence motion preserving a weight of the evidence claim. **See** Brief for Appellant, at 14-17. Smith-Hobson argues that the victim pulled a knife on him during the fight and, therefore, Smith-Hobson's actions were in self-defense. **Id.**

Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[:] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

Unlike a counsel's failure to file a direct appeal when requested, which constitutes *per se* ineffectiveness, a counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness. **See** *Commonwealth v. Reaves*, 923 A.2d 1119, 1129-31 (Pa. 2007) (PCRA

- 4 -

petitioner required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence). A petitioner alleging ineffective assistance of counsel for failure to file a post-sentence motion is required to satisfy the three-prong test for ineffectiveness. *See id.*; *see also Holt*, *supra*. Thus, a petitioner bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him; namely, that had counsel filed the post-sentence motions, he would have gotten relief on those claims. *See Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009). Additionally, trial counsel cannot be found ineffective for failing to file a post-sentence motion that a petitioner never requested. *Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa. Super. 1989).

Our standard of review related to a challenge to the verdict as against the weight of the evidence is well settled.

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999). Additionally, where the trial court has ruled on the weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence; rather, our appellate review is limited to whether the

trial court abused its discretion in ruling on the weight claim. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003).

The PCRA court, in addressing Smith-Hobson's weight claim, agreed that at some point during the fight, the victim pulled out a knife. *See* PCRA Court Opinion, 2/10/22, at 8. However, at trial, the trial court stated:

> As to the aggravated and simple assault, I'm going to find him not guilty of the simple and guilty of the aggravated assault. I looked at [the video] and it does look like a knife to me, I totally and completely agree with that. And what's not clear of course[ is] at what point in time the knife came out. And I think even if the knife was pulled out . . . **the injuries that** [**Smith-Hobson**] **inflicted way surpassed** [] **self-defense**.

N.T. Non-Jury Trial, 11/19/19, at 58 (emphasis added).

Our review of the record reveals that the trial court, sitting as fact finder, assessed the victim's credibility and viewed the surveillance video of the fight. The trial court then concluded, based upon those determinations, that Smith-Hobson inflicted such severe injuries that his actions went beyond self-defense and the victim's knife-wielding was of no moment. *See id.*; *see also* PCRA Court Opinion, 11/19/19, at 8. This Court will not reweigh evidence. *See Champney*, *supra*; *see also Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (reiterating it is not position of this Court to "reweigh the evidence and substitute our own judgment for that of the factfinder"). We discern no abuse of discretion, Smith-Hobson's weight claim fails, and, therefore, his trial counsel was not ineffective in failing to raise this weight claim in a post-trial motion. *See Champney*, *supra*; *Holt*, *supra*.

In his second claim, Smith-Hobson argues that trial counsel rendered ineffective assistance by failing to file a post-sentence motion seeking reconsideration of his sentence. *See* Brief for Appellant, at 17-18. Smith-Hobson argues, again, that he requested a post-sentence motion seeking reconsideration of his sentence, but that trial counsel never responded and failed to file one. *Id.* He also asserts that his sentencing claim had merit and a "reasonable judge . . . would have found the sentence excessive and unreasonable." *Id.*

Smith-Hobson fails to develop this claim for our review. He baldly asserts that his sentencing claim has merit, but fails to cite to any case law supporting his proposition. *See* Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief[] fails to develop the issue in any . . . meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Additionally, other than a bald claim of excessiveness, Smith-Hobson fails to detail how the sentencing court abused its discretion. Rather, he lists a series of unsupported averments. Accordingly, this claim has not been sufficiently developed and is waived.[6]

_____

[6] Even if Smith-Hobson had not waived this claim we would grant him no relief. At the PCRA hearing, trial counsel testified that Smith-Hobson requested a
*(Footnote Continued Next Page)*

In his third claim, Smith-Hobson argues that he is entitled to a new trial based on newly-discovered evidence. **See** Brief for Appellant, at 18. In particular, he asserts that Detective John Lienmiller "could have" acted dishonorably and prejudiced Smith-Hobson's case. **Id.** In support of this claim, he argues that Detective Lienmiller was disciplined by the Philadelphia District Attorney's Office for failing to secure a warrant in a separate, unrelated case. **Id.** He further posits that, had this evidence been produced prior to trial, his trial counsel could have cross-examined Detective Lienmiller regarding the validity of Detective Lienmiller's work. **Id.** at 18-21.[7]

_____

post-sentence motion for reconsideration of his sentence. **See** N.T. PCRA Hearing, 5/27/21, at 13. In response to that request, trial counsel spoke with Smith-Hobson about the benefits and risks of such a motion, after which Smith-Hobson decided **not** to seek reconsideration of his sentence. **See id.** Importantly, Smith-Hobson did not make any more requests seeking a post-sentence motion after that discussion. **See** PCRA Court Opinion, 2/10/22, at 7. Moreover, the PCRA court found trial counsel's testimony credible. **See id.**; **see also Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) ("PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Therefore, we would afford Smith-Hobson no relief.

[7] Throughout this section of his brief, Smith-Hobson conflates the "after-discovered" evidence basis for PCRA relief, pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi), with the "newly-discovered facts" exception to the PCRA time limit, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (reiterating "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)"). Nevertheless, it is clear to this Court that his petition is otherwise timely and he intended to raise this challenge under subsection 9543(a)(2)(vi) relating to after-discovered evidence. Thus, we address his claim.

Under the PCRA,

[w]here a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under [42 Pa.C.S.A. §] 9543(a)(2)(vi), a petitioner must prove that[:] (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used **solely to impeach credibility**; and (4) it would likely compel a different verdict. ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004); ***see*** [***Commonwealth v.***] ***Cox***, 246 A.3d [221,] 227-28 [(Pa. Super. 2016)] ("Once jurisdiction has been properly invoked, . . . the relevant inquiry becomes whether the claim is cognizable under [section 9543] of the PCRA.").

***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (emphasis added). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted).

Smith-Hobson's entire argument is based upon the use of after-discovered evidence to impeach Detective Lienmiller. ***See*** Brief for Appellant, 18-21. Therefore, his claim fails and he is not entitled to relief.[8] ***See Burton***, ***supra***.

Order affirmed.

---

[8] Moreover, the relevance of Detective Lienmiller failing to seek a warrant in another case is specious at best. Smith-Hobson has not asserted at any point that Detective Lienmiller failed to seek a warrant in **this** case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2022