J-S30007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM LEE L. BAKER | |
| Appellant | No. 1779 EDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011500-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 06, 2016**

Appellant, William Lee L. Baker, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the relevant facts of this case as follows:

> On Wednesday, August 26, 2009, [thirteen]-year old [L.M.] was asleep inside her home in Philadelphia.  [L.M.] was home alone, because her parents left for work before 9:00 a.m.  At approximately 10:50 a.m., [L.M.] awoke to someone knocking on the kitchen door.  [L.M.] went downstairs and peeked through a window for about two minutes.  [L.M.] saw a man, later identified as Appellant, standing outside.  [L.M.] recognized Appellant, because she previously had seen Appellant go into her next-door

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

neighbor's house. [L.M.] did not answer the door; instead, she went back to bed.

[L.M.] then heard glass breaking. [L.M.] grabbed her cell phone and hid in one of her three bedroom closets. She could see through the slits in her closet door. About a minute after hearing the glass break, [L.M.] saw Appellant enter her bedroom, which was painted pink and filled with dolls. Appellant went through [L.M.'s] nightstand and dresser drawers, which contained clothing and undergarments. Then, Appellant quickly looked in another closet before opening the closet where [L.M.] was hiding.

Appellant is 6'1" and 250 pounds, stood approximately three inches from [L.M.], and demanded to know what she was doing inside the closet. [L.M.] responded, "This is my house." Appellant ordered her to leave the closet, and [L.M.] complied because she was afraid Appellant would harm her. When [L.M.] attempted to walk past Appellant, Appellant tried to grab her cell phone. [L.M.] held onto the phone and managed to run out of the house. [L.M.] ran down the street until she reached an older man, who stayed with her until the police arrived.

*Commonwealth v. Baker*, No. 2112 EDA 2010, unpublished memorandum at 1-2 (Pa.Super. filed July 21, 2011). Later that evening, police apprehended Appellant at the home of L.M.'s next-door neighbor. L.M. identified Appellant as the man who had entered her home that morning. The Commonwealth subsequently charged Appellant with burglary, robbery, and related offenses.

On May 19, 2010, a jury convicted Appellant of first-degree burglary, first-degree robbery, and third-degree robbery. The court sentenced Appellant on July 9, 2010, to an aggregate term of twenty (20) to forty (40) years' imprisonment. Appellant did not file any post-sentence motions. On

July 21, 2011, this Court affirmed the judgment of sentence.[2] **See id.** Appellant did not pursue further direct review.

On March 23, 2012, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on March 5, 2013, who filed an amended PCRA petition on October 15, 2013, claiming trial and appellate counsel were ineffective for failing to challenge the discretionary aspects of sentencing in a post-sentence motion and on direct appeal.[3] On April 24, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the court denied PCRA relief on June 5, 2015. Appellant timely filed a notice of appeal on June 16, 2015. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises two issues for our review:

> DID THE [PCRA] COURT ERR IN NOT REINSTATING APPELLANT'S POST-SENTENCE RIGHTS FROM THE JUDGMENT OF SENTENCE DUE TO INEFFECTIVE ASSISTANCE OF POST-SENTENCE DEFENSE COUNSEL BECAUSE THERE WAS A SUBSTANTIAL QUESTION AS TO THE REASONABLENESS OF THE SENTENCE IN THIS CASE AND DEFENSE COUNSEL FAILED TO RAISE THIS ISSUE IN POST-SENTENCE MOTIONS AND ON APPEAL?

---

[2] On direct appeal, Appellant raised one issue challenging the sufficiency of the evidence to sustain his conviction for first-degree robbery.

[3] Different attorneys from the Defender Association of Philadelphia represented Appellant at trial and on direct appeal.

> IS APPELLANT ENTITLED TO A NEW SENTENC[ING] HEARING BECAUSE THE SENTENCE IMPOSED OF 10 TO 20 YEARS ON THE BURGLARY OFFENSE WITH A CONSECUTIVE SENTENCE ON [THE] THIRD DEGREE ROBBERY OFFENSE OF 3½ TO 7 YEARS' IMPRISONMENT WAS ILLEGAL BECAUSE THEY MERGE FOR THE PURPOSES OF SENTENCING?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Carr**, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Hardcastle**, 549 Pa. 450, 701 A.2d 541 (1997).

In his first issue, Appellant argues the trial court imposed consecutive sentences that exceeded the aggravated range of the sentencing guidelines. Appellant asserts the court's imposition of 20 to 40 years' imprisonment was unreasonable, where the victim suffered no bodily injury. Appellant contends the trial court lacked a factual basis to conclude Appellant had no

rehabilitative potential. Appellant maintains the trial court ignored the protection of the public, the gravity of Appellant's offenses in relation to their impact on the victim and on the community, and Appellant's rehabilitative needs, when fashioning its sentence. Appellant claims the court also failed to consider Appellant's age (61 years old) or family history. Appellant submits the sentence imposed amounted to a virtual life sentence given Appellant's age. Appellant insists his was a substantial question concerning the reasonableness of the sentence, trial and appellate counsel had no rational basis for failing to challenge the discretionary aspects of sentencing in a post-sentence motion and on direct appeal, and counsel's failure to do so deprived Appellant of the opportunity to secure a reduced sentence. Appellant concludes trial and appellate counsel rendered ineffective assistance, and this Court must vacate the PCRA court's decision and remand for reinstatement of Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. We disagree.

"[A]n accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." **Commonwealth v. Grosella**, 902 A.2d 1290, 1293 (Pa.Super. 2006) (quoting **Commonwealth v. Johnson**, 889 A.2d 620, 622 (Pa.Super. 2005)). Importantly, there are very few circumstances where counsel's conduct warrants a presumption of prejudice and the reinstatement of a

petitioner's direct appeal rights *nunc pro tunc*. **Commonwealth v. Reed**, 601 Pa. 257, 272, 971 A.2d 1216, 1225 (2009). These circumstances include: (1) where counsel failed to file a requested direct appeal; (2) where counsel failed to file a concise statement of errors claimed of on appeal; or (3) where counsel failed to file a requested petition for allowance of appeal. **Id.** at 272-73, 971 A.2d at 1225. "In those extreme circumstances, where counsel has effectively abandoned his…client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not the client." **Commonwealth v. West**, 883 A.2d 654, 658 (Pa.Super. 2005).

On the other hand, "the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims." **Grosella, supra** at 1293. Significantly:

> Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the [petitioner] must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

**Id.** at 1293-94 (emphasis in original) (internal citations and footnotes omitted). **See also Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119 (2007) (holding counsel's failure to preserve challenge to court's sentencing discretion by objecting at sentencing or filing post-sentence motion did not entirely foreclose appellate review of defendant's potential

issues for direct appeal; rather, counsel's inaction waived only those claims subject to issue preservation requirements; appellate counsel perfected direct appeal for defendant, and Superior Court addressed merits of one of defendant's claims but waived excessive sentence claim for failure to preserve it at sentencing or in post-sentence motion; thus, counsel's lapse did not deprive defendant of his right to appellate review; at most, counsel narrowed ambit of issues for direct appeal; consequently, defendant must satisfy traditional three-prong ineffectiveness test).

Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting *Commonwealth v. Ali*, 608 Pa. 71, 86-87,

10 A.3d 282, 291 (2010)). "The petitioner bears the burden of proving all three prongs of the test." **Turetsky, supra** at 880 (quoting **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa.Super. 2005), *appeal denied*, 583 Pa. 680, 877 A.2d 460 (2005)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." **Commonwealth v. Steele**, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

Instantly, appellate counsel filed and perfected a direct appeal on Appellant's behalf, in which counsel challenged the sufficiency of the evidence to sustain Appellant's first-degree robbery conviction. This Court addressed the sufficiency of the evidence issue on the merits and affirmed the judgment of sentence on July 21, 2011. Thus, counsel's failure to file post-sentence motions did not completely foreclose appellate review but simply "narrowed its ambit," precluding Appellant from challenging on direct appeal only the discretionary aspects of sentencing and weight of the evidence, which are subject to issue preservation requirements. **See Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining challenges to discretionary aspects of sentencing and weight of evidence are waived if they are not raised in post-sentence motion or by other appropriate manner before trial court). **See also Reaves, supra**; **Grosella, supra** (distinguishing between

cases where counsel's failure extinguished defendant's right to direct appeal and cases where counsel might have waived or abandoned some but not all issues on direct appeal). Given the pursuit and resolution of a direct appeal in Appellant's case, he would not be entitled to reinstatement of his post-sentence motion and/or direct appeal rights *nunc pro tunc* in any event. *See id.*

The PCRA court properly considered Appellant's ineffective assistance of counsel claim by applying the traditional three-prong ineffectiveness test. *See Reaves, supra*; *Grosella, supra*. The PCRA court reasoned:

> [T]here is no evidence that [Appellant] requested trial counsel to file a post-sentence motion, and it is well settled that counsel cannot be deemed ineffective for failing to do what he was not requested to do. Furthermore, [Appellant] has failed to plead or prove that a reasonable probability of relief existed but for the alleged omission of trial counsel. Indeed, [Appellant] was not prejudiced by trial counsel's alleged omission because this court did not impose an excessive sentence.
>
> Consequently, because [Appellant] has not brought forth any evidence proving that he requested the filing of a post-sentence motion, or that there was [a] reasonable probability that relief would have been granted had such a motion been filed, trial counsel cannot be deemed ineffective.
>
> *     *     *
>
> In fashioning [Appellant's] sentence, this court took into account the severity of the offenses he committed against the then thirteen year-old victim, as well as [Appellant's] need for rehabilitation, society's need for protection and the other requirements imposed by [the] legislature and our appellate courts. This court also noted that as an adult[, Appellant] had been arrested nineteen times,

convicted eleven times, and that he had been recently released from jail when he committed the charged offenses, knowing that a female child was home alone therein. In light of [Appellant's] prior multiple convictions which span the course of his entire adult life[,] this court reasoned that there is no reason to believe that [Appellant] was or will ever be rehabilitated. This court then sentenced [Appellant] to a consecutive ten (10) to twenty (20) years of imprisonment on the first-degree robbery and first-degree burglary counts, for an aggregate twenty (20) to forty (40) years of state incarceration.

(PCRA Court Opinion, filed October 22, 2015, at 8-11) (internal citations, quotation marks, and footnote omitted). The record supports the court's analysis. *See Ford, supra*.

Appellant did not plead in his *pro se* PCRA petition or in his amended PCRA petition that he asked counsel to file post-sentence motions on his behalf.[4] *See Reaves, supra* at 153-54, 923 A.2d at 1131 (explaining that for defendant to prevail on ineffectiveness claim, he would need to prove he asked counsel to file post-sentence motion on his behalf, counsel refused his request, counsel lacked rational basis for such refusal, and there is reasonable probability that, but for counsel's error, result of sentencing proceeding would have been different). *See also Commonwealth v. Velasquez*, 563 A.2d 1273 (Pa.Super. 1989), *appeal denied*, 525 Pa. 663, 583 A.2d 793 (1990) (explaining counsel cannot be deemed ineffective for

_____

[4] Appellant also did not plead in his *pro se* PCRA petition or amended petition that counsel was ineffective for failing to consult with Appellant about whether he wanted to pursue a sentencing challenge.

failing to do what he was not requested to do; to allege properly that counsel was ineffective for failing to file motion to withdraw guilty plea, appellant had to claim, at minimum, that he instructed counsel to file motion). Consequently, Appellant's claim that trial counsel was ineffective for failing to file post-sentence motions lacks arguable merit. *See Reaves, supra*; *Velasquez, supra*. Even if Appellant had asked trial counsel to file post-sentence motions on his behalf, the PCRA court (which also sat as the trial and sentencing court in this case) determined Appellant failed to demonstrate prejudice.[5] *See Spotz, supra*; *Turetsky, supra*. Therefore, Appellant's ineffectiveness claim merits no relief. *See id.*

In his second issue, Appellant argues the court sentenced him to ten to twenty years' imprisonment for burglary and imposed a consecutive sentence of three and one-half to seven years' imprisonment for Appellant's third-degree robbery conviction. Appellant asserts that under the burglary statute, a person may not be sentenced for burglary and for the offense which he intended to commit after the unlawful entry, unless the additional offense constitutes a felony of the first or second degree. Appellant concludes his sentence for third-degree robbery is illegal, and this Court

---

[5] Appellant's related claim that appellate counsel was ineffective for failing to raise a challenge to the discretionary aspects of sentencing on direct appeal is also unsuccessful because that claim would have been waived for failure to preserve it at sentencing or in a post-sentence motion. *See Griffin, supra*. Thus, appellate counsel had a rational basis for declining to pursue a claim that would have resulted in waiver. *See Turetsky, supra*.

must vacate and remand for resentencing. We disagree.

The burglary statute in place at the time of Appellant's convictions and sentencing provided, in pertinent part:

**§ 3502. Burglary**

**(a) Offense defined.—**A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

\*   \*   \*

**(d) Multiple convictions.—**A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

18 Pa.C.S.A. § 3502(a), (d) (effective July 1, 1991 to September 3, 2012). "Subsection (d) is intended to eliminate the imposition of consecutive sentences for burglary with intent to commit theft and for the actual theft." *Id.* at Official Comment. Importantly, "[t]he 'conviction' referred to in [Section] 3502(d) refers not to the verdict but to the judgment of sentence. Thus, while a defendant may be charged with and adjudged guilty of both burglary and theft, he may not be sentenced for both crimes."[6]

---

[6] The legislature amended the burglary statute on July 5, 2012 (effective September 4, 2012), and on December 23, 2013 (effective February 21, 2014). Both amendments to the statute contained a similar subsection (d). The amendments clarified the legislature's intent (to eliminate consecutive sentences for burglary and for the underlying theft) by changing the word
*(Footnote Continued Next Page)*

*Commonwealth v. Tessel*, 500 A.2d 144, 151 (Pa.Super. 1985).

Additionally, "where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls." *Commonwealth v. Willis*, 68 A.3d 997, 1010 (Pa.Super. 2013). As a general rule, "[o]ral statements made by the sentencing court, but not incorporated into the written sentence signed by the court, are not part of the judgment of sentence." *Id.* "A sentence, as any other judgment, is construed in its entirety according to the canons of construction and so as to give effect to the intent of the sentencing court." *Id.* (internal citation omitted). Notwithstanding that general rule, "a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa.Super. 2011) (*en banc*), *aff'd*, 622 Pa. 422, 80 A.3d 1219 (2013) (internal citations omitted).

> [F]or a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript. Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a "clear clerical error" on the face of the record, and the sentencing order subject to later correction.
>
> If, on the other hand, a trial court's stated intentions

*(Footnote Continued)* ————————————

"convicted" to "sentenced." *See* 18 Pa.C.S.A. § 3502(d) (effective September 4, 2012 to February 20, 2014); 18 Pa.C.S.A. § 3502(d) (effective February 21, 2014 to present).

during the sentencing hearing are ambiguous, then the terms of the sentence in the sentencing order control, and the trial court cannot correct its perceived mistake. This is because the alleged error in the sentencing transcript is not a "clear clerical error," but rather, is an ambiguity that must be resolved by reference to the written sentencing order.

*Id.* at 473 (internal citations omitted).

Instantly, the jury convicted Appellant on May 19, 2010, of first-degree burglary, first-degree robbery, and third-degree robbery. The court sentenced Appellant on July 9, 2010. At sentencing, the court stated:

THE COURT: … [Appellant], on CP-51-CR-0011500 year 2009, on the charge of burglary, a felony of the first degree, the [c]ourt imposes a term of not less than 10, no[r] more than 20 years in a state correctional facility.

On the charge of robbery, felony of the first degree, the [c]ourt imposes a consecutive term of 10 to 20 years in a state correctional facility.

On the charge of robbery, felony of the third degree, **if it does not merge for purposes of sentencing**, the [c]ourt imposes a term of 3½ to 7 years and it is to run concurrent with the robbery, felony of the first degree and consecutive to the burglary, felony of the first degree.

(N.T. Sentencing, 7/9/10, at 10-11) (emphasis added). Significantly, the written sentencing order that followed the court's oral remarks states, in pertinent part:

**SENTENCING ORDER**

AND NOW, this 9th day of July, 2010, [Appellant] having been convicted in this above-captioned case is hereby sentenced by this [c]ourt as follows:

**Count 1**—18 [Pa.C.S.A.] § 3701(a)(1)(ii)—Robbery—

- 14 -

Threat Immed Ser Injury—(F1)

To be confined for a Period of 10 to 20 years at Graterford.

\* \* \*

**Count 2**—18 [Pa.C.S.A.] § 3502(a)—Burglary—(F1)

To be confined for a Period of 10 to 20 years at Graterford.

\* \* \*

(Sentencing Order, 7/9/10, at 1). The written sentencing order makes no mention of any sentence for Appellant's third-degree robbery conviction. In this situation, the written sentencing order controls.[7] **See Willis, supra**. The court's on-the-record remarks did not evidence a clear and unambiguous intention to impose a separate sentence for Appellant's third-degree robbery conviction. **See Borrin, supra**. Rather, the court was careful to state it would impose a separate sentence for that crime **only if** the sentences did not merge. (**See** N.T. Sentencing at 10-11.) The written

_____

[7] The record suggests the court imposed mandatory minimum sentences for Appellant's burglary and first-degree robbery convictions pursuant to 42 Pa.C.S.A. § 9714(a)(1) (providing for mandatory minimum 10-year sentence for defendant convicted of crime of violence, if at time of commission of current offense, defendant had previously been convicted of crime of violence). To the extent that our United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) might apply to petitioners seeking relief in timely filed PCRA petitions, **Alleyne** is inapplicable here as **Alleyne** does not affect mandatory minimum sentences based on a prior conviction. **See id.** at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. **See also Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (explaining even if appellant's PCRA petition was timely, **Alleyne** would provide no relief where increase in appellant's minimum sentence was based on prior conviction).

sentencing order confirms the court's intention to impose sentences for Appellant's burglary and first-degree robbery convictions only, consistent with Section 3502(d). (*See* Sentencing Order at 1.) *See also* 18 Pa.C.S.A. § 3502(d). To the extent the court's oral remarks at sentencing were ambiguous, the written sentencing order still controls. *See Borrin, supra*. Thus, the record belies Appellant's claim that the court imposed an illegal sentence for his third-degree robbery conviction. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016