J-S18004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIE CRUZ-RIVERA | : | |
| | : | |
| Appellant | : | No. 209 MDA 2022 |

Appeal from the PCRA Order Entered January 7, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002987-2016

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:        **FILED: JULY 5, 2022**

Appellant, Jamie Cruz-Rivera, appeals from the post-conviction court's January 7, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  Appellant argues that the court erred by dismissing his petition, where his trial counsel acted ineffectively by not filing a post-sentence motion and/or a direct appeal on Appellant's behalf.  Additionally, Appellant's counsel, Dennis C. Dougherty, Esq., has filed a ***Turner/Finley***[1] 'no-merit' letter and a petition to withdraw from representing Appellant, to which Appellant has not responded.  After careful review, we grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction relief.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The facts underlying Appellant's convictions are not pertinent to his present appeal. The PCRA court summarized the procedural history of his case, as follows:

On May 31 2017, [Appellant] … appeared before the court and entered a negotiated guilty plea to two charges…, specifically to corruption of minors (count two) and unlawful contact with a minor (count three).[1] The court accepted the guilty plea and proceeded to sentence [Appellant] on that date[,] in accordance with the terms of the negotiated plea agreement[,] to time served to twenty-three months['] incarceration, five years of probation, restitution, and costs. [Appellant] did not adjust well to supervision and was back before the court for a parole violation hearing on August 23, 2017. At that time, the Honorable Judge Howard F. Knisely found [Appellant] in violation of the terms of supervision and sentenced him to the unexpired balance of his parole term. [Appellant] was to be paroled after three months with special conditions and the continuation of the previously[-]imposed[,] five-year probation period.

[1] In violation of 18 Pa.C.S.[] § 6301(a)(1)(ii), and 18 Pa.C.S.[] § 6318(a)(1), respectively.

[Appellant] appeared before this court on May 24, 2019, this time for a probation violation.[3] After a hearing, the court revoked [Appellant's] probation and deferred sentencing pending the completion of a Pre-Sentence Investigation ("PSI") to assist the court in fashioning an appropriate and reasonable sentence. Judgment of sentence was entered on August 22, 2019, when the court sentenced [Appellant] to an aggregate term of two to five years' incarceration in a state correctional facility.[4] No post[-]sentence motion was filed, and no appeal was taken. [Appellant] was represented throughout both violation proceedings by privately retained counsel, Anthony J. Ratasiewicz, Esquire ("trial counsel").

[3] [Appellant's] parole expired on March 11, 2018.

[4] Specifically, [Appellant] was sentenced to two to five years['] incarceration on the corruption of minors count and two to five years['] incarceration on the unlawful contact with a minor charge, said sentences to be served concurrently.

- 2 -

Acting *pro se* on March 20, 2020,[5] [Appellant] submitted a pleading entitled "Motion for Withdrawl [*sic*] of Counsel Ineffective Assistance of Counsel (IAC)." Upon review, the [c]ourt deemed [Appellant's] pleading to be a timely[6] petition for post-conviction collateral relief under the PCRA, however, at the time of filing, the court was operating at a severely restricted capacity due to the statewide Judicial Emergency declared in response to the Covid-19 pandemic. Consequently, the court did not officially appoint counsel pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure until June 19, 2020,[8] at which time it appointed [Attorney] Dougherty … ("PCRA counsel") to represent [Appellant] on his collateral claims, and granted leave to file an amended petition by August 19, 2020. Upon request of PCRA counsel, the court twice extended the deadline to allow counsel time to obtain the necessary files and records from [Appellant]'s trial counsel. Ultimately, an amended petition for [PCRA] relief was submitted on November 25, 2020, raising the single issue that trial counsel rendered ineffective assistance for failing to comply with [Appellant's] alleged request to file a post-sentence motion and/or a direct appeal to the Superior Court. The Commonwealth filed a response to the Amended Petition, conceding the need for an evidentiary hearing, which the court held on June 11, 2021.

[5] Although the filing was docketed by the Clerk of Courts on March 25, 2020, it is deemed filed on the date of mailing, March 20, 2020, rather than the date of docketing, pursuant to the "prisoner mailbox rule." ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[6] Pursuant to 42 Pa.C.S.[] § 9545(b), a petition for relief must be filed within one year of the date the judgment of sentence becomes final. For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of the time for seeking such review. [42 Pa.C.S.] § 9545(b)(3). ***See also Commonwealth v. Jones***, 54 A3d 14, 17 (Pa. Super. 2012). As [Appellant] did not file a notice of appeal with the Pennsylvania Superior Court, his judgment of sentence became final on September 22, 2019, when the period for filing an appeal with the Superior Court expired (30 days

- 3 -

after the judgment of sentence was entered on August 22, 2019). [Appellant] filed his motion, which the court deemed to be a *pro se* PCRA petition, on March 20, 2020; it is timely. **See** Filing Discussion, **supra** n[.]5.

[8] In the interim, [Appellant] submitted a second *pro se* pleading entitled "Motion to Modify Sentence *Nunc Pro Tunc*" on April 21, 2020, which in substance repeats the alleged grounds for relief stated in [Appellant's] filing of March 20, 2020.

PCRA Court Order & Opinion (PCOO), 1/7/22, at 1-3 (unnecessary capitalization and some footnotes omitted).

At the close of the PCRA hearing, the court took the matter under advisement. On January 7, 2022, the court issued an order and opinion dismissing Appellant's petition. It explained that, after hearing the testimony of Attorney Ratasiewicz and Appellant, it found "that while trial counsel's testimony was candid and credible, [Appellant's] testimony was utterly lacking in indicia of reliability and candor." **Id.** at 6. Accordingly, the court did not believe that Appellant had requested counsel to file a post-sentence motion or direct appeal on his behalf and, thus, counsel did not act ineffectively by failing to do so. **Id.** at 7.

Appellant filed a timely notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant preserved one issue for our review: "The [PCRA c]ourt erred and abused its discretion in finding trial counsel to be effective and his testimony credible when he testified that [Appellant] did not ask for a post[-]sentence motion and/or direct appeal of his probation violation sentence on August 22, 2019." Pa.R.A.P. 1925(b)

- 4 -

Statement, 2/23/22, at 1 (single page). On February 28, 2022, the PCRA

court issued a Rule 1925(a) opinion, stating that it was relying on the rationale

set forth in its January 7, 2021 order and opinion to support its decision.

On April 1, 2022, Attorney Dougherty filed with this Court an application

to withdraw from representing Appellant, along with a **Turner/Finley** no-

merit letter.[2] Therefore, we must begin by determining if Attorney Dougherty

has satisfied the requirements for withdrawal.

> Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner/Finley** and] … must review the case zealously. **Turner/Finley** counsel must then submit a no-merit letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the no merit letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> ***
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and

quotation marks omitted).

---

[2] As of the date of this writing, Appellant has not filed a *pro se* response.

Instantly, we conclude that Attorney Dougherty has complied with the requirements of **Turner**/**Finley**. Specifically, in his no-merit letter, counsel details the nature and extent of his review, addresses the ineffectiveness claim Appellant raised in his PCRA petition, and discusses his conclusion that Appellant's issue lacks merit. **See** No-Merit Letter at 6-9. Additionally, counsel served Appellant with a copy of the petition to withdraw and no-merit letter, and he advised Appellant of his right to proceed *pro se* or with privately retained counsel. **See id.** at 10; Motion to Withdraw, 4/1/22, at 2. Thus, we now conduct an independent review of the merits of Appellant's claim, applying the following standard of review:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Appellant claimed in his *pro se* and amended petitions that he asked Attorney Ratasiewicz to file a post-sentence motion to modify his sentence and/or to withdraw his guilty plea, as well as a direct appeal from his judgment of sentence, but counsel failed to do so. Appellant averred that counsel's inaction caused the complete loss of Appellant's direct appeal rights and constitutes ineffective assistance of counsel.

Preliminarily, we recognize that:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Additionally,

[o]ur Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. *Commonwealth v. Lantzy*, … 736 A.2d 564, 572 ([Pa.] 1999).

However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request. *Commonwealth v. Bath*, 907 A.2d 619 (Pa. Super. 2006).

*Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). Similarly, before we will find counsel ineffective for failing to file post-sentence motions, the petitioner must prove that he requested counsel file post-sentence motions, but that counsel disregarded his request. *See Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa. Super. 1989) (stating that counsel cannot "be deemed in effective for failing to do what he was not requested to do") (citations omitted).

In this case, the PCRA court found that Appellant did not request that Attorney Ratasiewicz file a post-sentence motion or direct appeal. It explained:

While [Appellant] … adequately pled that he requested, both orally and in writing, that his attorney file a direct appeal on his behalf, he … failed to provide the court with any credible proof to support a factual basis for this allegation. At the evidentiary hearing, the only two witnesses to testify were [Appellant] and his trial counsel. They both testified to having a verbal conversation in the holding cell behind the courtroom after the sentencing. Notes of Testimony ("N.T.")[, 6/11/21,] at 5, 9-10. Their testimony diverge[d], however, with regard to the substance of that conversation. While trial counsel ha[d] no recollection of being asked to pursue an appeal ([*id.*] at 6), [Appellant] maintain[ed] the two "talked about filing an appeal," and that [Appellant] told [trial counsel] to talk to [Appellant's] friend Jess and tell her how much money to send." *Id.* at 10. [Appellant] further presented the court with a handwritten letter that he claim[ed] to have sent trial counsel requesting post[-]sentence motions and a direct appeal. *See* Pet. Evid. Hearing. Ex.1; *see also* Pet. Mot. to Withdraw Counsel at Ex. A; Pet. Mot. To Modify at Ex.1. Trial counsel [testified that he] never received that letter. N.T. at 6. The issue, therefore, turns on a single question of fact: did [Appellant] ask trial counsel, whether orally, in writing, or both, to file a direct appeal on his behalf? … [T]he answer to this question boils down to a matter of credibility. Does the court believe the testimony of trial counsel? Or does the court believe the testimony of [Appellant]?

Having examined the conflicting testimony regarding the oral conversation after the sentencing hearing, the court turns next to the letter offered with [Appellant's] pleadings and moved into evidence at the evidentiary hearing as [Appellant]'s Exhibit 1. This exhibit contains a copy of a handwritten letter [Appellant] claims he personally mailed to trial counsel within the time frame for filing an appeal. [*Id.*] at 10. [Appellant] explained that since he cannot read or write, he had another individual write the letter on his behalf. *Id.* [Appellant] did not, however, provide the name of that individual or call the individual to testify. *Id.* at 11. Although the letter bears the date of August 25, 2019, [Appellant] stated at the hearing that the date was incorrect. When pressed,

however, he could recall neither the date the letter was written[,] nor the date on which he claims to have mailed it. ***Id.*** Trial counsel testified that he never received the letter, although he has maintained the same office address both prior to and throughout his representation of [Appellant], including throughout the relevant appeal period. [***Id.*** at] 6, 7-8. [Appellant] clearly knew his counsel's correct mailing address; he testified to having retained counsel on several prior occasions and to providing copies of trial counsel's business cards to past acquaintances. [***Id.***] at 12.

The court … heard and reviewed the live testimony of the witnesses and examined the various iterations of the letter submitted by [Appellant]. Considering the totality of the attendant circumstances, the court finds that while trial counsel's testimony was candid and credible, [Appellant's] testimony was utterly lacking in indicia of reliability and candor. He could not recall key details, such as the date on which he mailed the letter or who even wrote the letter for him. The letter itself bears no hallmarks of authenticity, having been written by an unnamed individual who [Appellant] failed to produce for authentication. Such a witness could easily have corroborated [Appellant]'s account that the letter was written and mailed … within the appropriate timeframe for a direct appeal.[10] On the contrary, trial counsel is an experienced and respected member in good standing with the Pennsylvania Bar who has no motivation to testify untruthfully. He stated plainly that [Appellant] neither verbally requested[,] nor directed through written letter[,] that counsel file post[-]sentence motions or a direct appeal on his behalf. Trial counsel represented [Appellant] on more than one occasion prior to the instant matter without incident. In fact, [Appellant] himself admitted that trial counsel had never before failed to be responsive to his needs and that he had recommended trial counsel to others. [***Id.***] at 12. Based on all … these factors, it is apparent to the court that while [Appellant] may now wish he had requested that trial counsel file post[-sentence] motions or a direct appeal, [Appellant] simply cannot prove that he actually did so.

[10] The court further notes its independent observation that with [Appellant's] original pleading of March 20, 2020 (entitled "Motion to Withdrawl [*sic*] of Counsel"), he attaches (as Exhibit A) a two-sided letter that appears to be a photocopy of the letter [Appellant] claims to have mailed trial counsel. In his subsequent pleading of April 21, 2020

(entitled "Motion to Modify Sentence *Nun Pro Tunc*"), however, he attaches (Exhibit 1) a seemingly identical yet noticeably different letter. A cursory glance at this second letter would lead the unwary to believe the two exhibits are duplicates; however, a closer examination reveals that the exhibits contain two different letters. First, Exhibit A is a photocopy, while Exhibit 1 is an original document, handwritten in blue ink. Second, although the handwriting of the two letters appears to be the same, the wording is not actually identical. For example, there are misspellings in one letter that do not appear in the other and capitalized letters in one that are lower-case[] in the other. Most tellingly, however, is the simple difference in formatting — for example, a whole line of writing in one letter is broken into two lines in the other, and a word is hyphenated in one and not the other. Although the parties made no mention of these discrepancies or their meaning during the evidentiary hearing, the court finds [Appellant's] intentional yet failed effort at producing identical letters to bear negatively on [Appellant's] credibility and testimony as a whole.

PCOO at 4-7 (unnecessary capitalization omitted).

Noting that "credibility determinations are the exclusive province of the PCRA court[,]" Attorney Dougherty concludes that the ineffectiveness claim Appellant seeks to raise herein is meritless. No-Merit Letter at 9 (unnumbered) (citing **Commonwealth v. Pate**, 617 A.2d 754, 760 (Pa. Super. 1992) (citations omitted)). We agree. The record supports the court's credibility determination that Appellant did not ask Attorney Ratasiewicz to file post-sentence motions or a direct appeal; consequently, that determination is binding on this Court. **See Commonwealth v. Abu-Jamal**, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on [the appellate] court."). Because Appellant did not ask Attorney

Ratasiewicz to file a post-sentence motion or direct appeal, counsel cannot be deemed ineffective for failing to do so. Therefore, the PCRA court did not err in dismissing Appellant's petition, and we grant Attorney Dougherty's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2022