J-S34044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRAVIS ELLIOT DARROW | |
| Appellant | No. 1415 MDA 2015 |

Appeal from the PCRA Order July 14, 2015
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000055-2013

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED MAY 17, 2016**

Travis Darrow appeals from an order denying his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  We affirm.

Darrow repeatedly assaulted his 16-month-old daughter over a 4-month period, causing this helpless infant to suffer a broken arm and bruises to her forehead, cheek, abdomen, left armpit, left thigh and lower left back region.  Darrow was charged with aggravated assault under 18 Pa.C.S. § 2702(a)(1), graded as a first degree felony, and other offenses.  On April 5, 2013, pursuant to a negotiated plea agreement, Darrow pled guilty to one count of aggravated assault in return for the Commonwealth's agreement to withdraw the other charges.

1

The Commonwealth served notice of its intent to seek a mandatory minimum sentence of five years' imprisonment under 42 Pa.C.S. § 9718, because the victim was under the age of 13.

At the time of sentencing on May 8, 2013, Darrow's prior record score was 0. Absent application of section 9718, the Sentencing Guidelines called for a standard minimum range sentence of 36-54 months and an aggravated minimum range sentence of up to 66 months. The statutory maximum for a first degree felony was 20 years' imprisonment, or 240 months. **See** 18 Pa.C.S. § 1103. The court sentenced Darrow to a minimum of 66 months' imprisonment, six months more than the mandatory minimum, and a maximum of 180 months' imprisonment. The court expressly stated on the sentencing order that the sentence was a mandatory minimum.

Darrow did not file post-sentence motions or a direct appeal. On June 17, 2013, ten days after his direct appeal period expired, the United States Supreme Court held in **Alleyne v. United States**, – U.S. –, 133 S.Ct. 2151 (2013), that the Sixth Amendment prohibits imposition of a mandatory minimum sentence based on a fact which is not submitted to the jury or proven beyond a reasonable doubt.

On April 28, 2014, Darrow filed a timely PCRA petition alleging his mandatory minimum sentence was illegal under **Alleyne**. Through counsel, Darrow subsequently filed an amended PCRA petition, again claiming that his sentence was unlawful under **Alleyne**. In addition, Darrow's amended

petition claimed that guilty plea counsel was ineffective for failing to file post-sentence motions or a direct appeal seeking relief (1) under **Alleyne** and (2) on the ground that his sentence in the aggravated range of the guidelines, above the mandatory minimum, was excessive.

The PCRA court convened a hearing in which guilty plea counsel and Darrow testified. The court then ordered Darrow to file a post-hearing brief. Darrow's counsel filed a brief thirty days after the hearing. Among other arguments, the brief raised an issue that had not been mentioned in the original or amended PCRA petition: guilty plea counsel's ineffectiveness for failing to consult with Darrow so that Darrow could make an informed decision about whether to appeal. Brief In Support Of Amended PCRA Motion, at 9-10.

On July 14, 2015, the court denied Darrow's amended PCRA petition. Darrow filed a timely appeal, and both Darrow and the trial court complied with Pa.R.A.P. 1925.

Darrow raises two issues in this appeal:

1. Did the trial court err in failing to conclude that [guilty plea] counsel rendered ineffective assistance of counsel in failing to file post-sentence motions challenging the legality and discretionary aspect of [Darrow's] sentence and, thereby, failing to preserve such a challenge and depriving [Darrow] of a direct appeal[?]

2. Did the trial court err in failing to conclude that [guilty plea] counsel rendered ineffective assistance of counsel in failing to file an appeal to the Superior Court challenging [Darrow's] sentence?

Brief For Appellant, at 3.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. **_Commonwealth v. Fears_**, 86 A.3d 795, 803 (Pa.2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **_Commonwealth v. Spotz_**, 84 A.3d 294, 311 (Pa.2014).

Both of Darrow's issues on appeal raise claims of ineffective assistance of counsel. We address them together.

We presume that guilty plea counsel was effective unless the PCRA petitioner proves otherwise. **_Commonwealth v. Williams_**, 732 A.2d 1167, 1177 (Pa.1999). To succeed on a claim of ineffective assistance, the petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's ineffectiveness caused the petitioner prejudice. 42 Pa.C.S. § 9543(a)(2)(ii); **_Commonwealth v. Fulton_**, 830 A.2d 567, 572 (Pa.2003). The petitioner bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **_Commonwealth v. Daniels_**, 963 A.2d 409, 419 (Pa.2009).

Darrow asserts that guilty plea counsel was ineffective for failing to file post-sentence motions or a direct appeal challenging the legality of his sentence under **_Alleyne_** and the excessiveness of his sentence. Before a

- 4 -

court will find counsel ineffective for failing to file a direct appeal, the petitioner must prove that he requested an appeal and that counsel disregarded that request without justification. **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa.1999); **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa.Super.1999). Similarly, before we will find counsel ineffective for failing to file post-sentence motions, the petitioner must prove that he requested counsel to file post-sentence motions but that counsel disregarded his request. **See Commonwealth v. Velasquez**, 563 A.2d 1273, 1275 (Pa.Super.1989) ("[c]laims of ineffectiveness are not sufficient when presented in a vacuum …; nor can counsel be deemed ineffective for failing to do what he was not requested to do").

Here, the PCRA court found that it advised Darrow during sentencing of his right to file post-sentence motions and an appeal, but nevertheless, Darrow did not request counsel to file any post-sentence motions or appeal. Pa.R.A.P. 1925(a) Opinion, at 3. The record confirms this finding. Both guilty plea counsel and Darrow testified during the PCRA hearing that Darrow did not ask counsel to file post-sentence motions or an appeal. Thus, Darrow's argument that counsel was ineffective for failing to file post-sentence motions or an appeal is devoid of merit.

Towards the end of his appellate brief, Darrow argues that guilty plea counsel was ineffective for failing to consult with Darrow as to whether to appeal, thus preventing Darrow from making an informed decision on this

issue. Brief For Appellant, at 19-20. Darrow waived this issue by failing to plead it in his original or amended PCRA petitions.

"PCRA claims are more civil than criminal in nature, which places the burden of moving the case forward on the party in the plaintiff's position, who in this context is the PCRA petitioner." ***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa.Super.2015). Thus, the PCRA petitioner must *plead and prove* all grounds for relief. ***See*** 42 Pa.C.S. § 9543(a) (requiring PCRA petitioner to "plead and prove" grounds for relief); ***see also*** Pa.R.Crim.P. 902(B) ("[f]ailure to state such a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief"). The petitioner must obtain leave of court before amending his petition to add new grounds for relief. ***See*** Pa.R.Crim.P. 905(A). The petitioner waives any issue that he fails to raise in compliance with these rules. ***See Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa.2013) (in capital murder case, defendant waived for postconviction and appellate review issue as to whether trial counsel rendered ineffective assistance by failing to meet with him personally prior to trial or otherwise prepare for trial; defendant did not allege in PCRA petition allegation that trial counsel was ineffective for failing to meet with him prior to trial, and defendant did not obtain permission to amend his petition to include issue); ***Commonwealth v. Porter***, 35 A.3d 4, 14 (Pa.2012) (petitioner may not raise new claims by merely supplementing pending PCRA petition without court authorization, because to do so would "wrongly subvert the time

limitation and serial petition restrictions of the PCRA"); ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) ("Appellant's underlying trial counsel ineffectiveness claim is waived for failing to raise it before the PCRA court in his *pro se* petition").

As stated above, Darrow claimed in his amended PCRA petition that guilty plea counsel was ineffective for failing to file post-trial motions or an appeal. Darrow did not claim in this petition, however, that guilty plea counsel was ineffective for failing to consult with him about whether to file these papers. The two claims are not the same. In ***Commonwealth v. Touw***, 781 A.2d 1250 (Pa.Super.2001), the petitioner alleged that counsel was ineffective for failing to consult with him about whether to file an appeal. We held that the attorney's failure to consult with the defendant "does not fit" within ***Lantzy's*** rule that counsel is ineffective for disregarding the defendant's request to file a direct appeal. ***Touw***, 781 A.2d at 1253. Thus, Darrow's claim in his amended PCRA petition that counsel failed to file post-trial motions or an appeal was not equivalent to a claim that counsel failed to consult with Darrow about whether to appeal. Nor did Darrow request leave to amend his PCRA petition to add a failure-to-consult claim; he simply inserted this claim into a post-hearing memorandum without permission. Consequently, he has waived this claim. ***See Elliott***, ***Porter,***

*supra* (petitioner cannot add new PCRA claims without first obtaining leave of court to amend petition).[1]

For these reasons, we affirm the order denying PCRA relief to Darrow.[2]

_____

[1] Even if Darrow did not waive this issue, he failed to demonstrate during his PCRA hearing that guilty plea counsel failed to consult with him about whether to appeal. Guilty plea counsel first testified that Darrow did not ask him to appeal but then stated that he did not have any recollection of the day of sentencing. N.T., 5/22/15, at 6. Neither PCRA counsel nor the Commonwealth asked guilty plea counsel whether he actually consulted with Darrow about whether to appeal. Darrow testified that he did not ask guilty plea counsel to appeal because he was "afraid" to ask. *Id*. at 32, 38-39. But once again, neither PCRA counsel nor the Commonwealth asked Darrow whether guilty plea counsel actually consulted with him about whether to appeal. Thus, Darrow failed to meet his burden of proving that guilty plea counsel was ineffective for failing to fulfill his duty of consultation.

[2] For the sake of completeness, we note that Darrow's original and PCRA petitions challenged the legality of his sentence under *Alleyne*, a separate issue than a claim that counsel was ineffective. *Compare* 42 Pa.C.S. § 9543(a)(2)(ii) (PCRA petition may include claims of ineffective assistance) *with* 42 Pa.C.S. § 9543(a)(2)(vii) (PCRA petition may challenge "the imposition of a sentence greater than the lawful maximum"). In this appeal, however, Darrow abandoned his challenge to the legality of his sentence.

Even if Darrow had continued to mount a section 9543(a)(2)(vii) challenge to the legality of his sentence in this appeal, it would not have helped him. This Court has declined to give *Alleyne* retroactive effect to cases on timely collateral review when the defendant's judgment of sentence became final before *Alleyne* was decided. *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super.2015). Darrow's judgment of sentence became final on June 7, 2013, the expiration date for his direct appeal, ten days before the Supreme Court issued its decision in *Alleyne*. *See* 42 Pa.C.S. 9545(b)(3) (for purposes of PCRA, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review"). Thus, *Alleyne* does not apply retroactively to his case. *See Riggle*, *supra*; *compare Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super.2015) (defendant entitled to resentencing under *Alleyne* where (1) he was sentenced 12 days before issuance of *Alleyne*, (2) his direct appeal period

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

---

*(Footnote Continued)* ⸻

expired 18 days after issuance of **Alleyne**, (3) defendant did not take direct appeal, but (4) defendant filed timely PCRA petition within one year after date of sentence).