J-S11039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| GARY MELENDEZ | : | |
| Appellant | : | No. 1974 EDA 2022 |

Appeal from the PCRA Order Entered July 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006197-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| GARY MELENDEZ | : | |
| Appellant | : | No. 1975 EDA 2022 |

Appeal from the PCRA Order Entered July 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007571-2018

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 06, 2023**

Appellant, Gary Melendez, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

The relevant facts and procedural history of this appeal are as follows. On May 20, 2019, Appellant entered open pleas of *nolo contendere* at two different docket numbers for two counts of unlawful contact with minor and one count each of rape of a child, involuntary deviate sexual intercourse with a child, and aggravated indecent assault of a child.[2] On August 2, 2019, the court sentenced Appellant to an aggregate 10 to 30 years' incarceration. Appellant did not file post-sentence motions or a direct appeal.

On March 17, 2020, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on May 2, 2021. In it, Appellant argued that plea counsel was ineffective for failing to file a post-sentence motion. On March 16, 2022, the court conducted an evidentiary hearing. At that time, the court received testimony from Appellant and plea counsel. The court dismissed Appellant's PCRA petition on July 25, 2022.

Appellant timely filed a notice of appeal on August 1, 2022. On August 2, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on August 11, 2022.

Appellant now raises one issue for our review:

> Whether trial counsel was ineffective for failing to file a post-sentence motion to reconsider sentence.

---

[2] 18 Pa.C.S.A. §§ 6318(a)(1), 3121(c), 3123(b), and 3125(b), respectively.

(Appellant's Brief at 8).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356, 966 A.2d 523, 539 (2009).

On appeal, Appellant insists that his testimony from the PCRA hearing established that plea counsel failed to comply with Appellant's request to file a post-sentence motion. Appellant argues that he "had nothing to lose by the motion being filed," and he would have obtained relief "[h]ad a reasonable judge been able to rule" on such a motion. (Appellant's Brief at 16). Specifically, Appellant claims his sentence was excessive, and the sentencing court failed to consider certain factors that warranted a lesser sentence. Appellant concludes that the PCRA court erred by failing to credit his testimony from the evidentiary hearing, and this Court must reverse the order dismissing

- 3 -

his PCRA petition. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*,

852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

A counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness. *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119 (2007) (concluding that PCRA petitioner was required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence). Thus, a petitioner bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him. *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089 (2009). Additionally, trial counsel cannot be found ineffective for failing to file a post-sentence motion that a petitioner never requested.

*See Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa.Super. 1989) (stating counsel cannot "be deemed ineffective for failing to do what he was not requested to do," and appellant failed to allege that he instructed counsel to file requisite motion).

Instantly, Appellant and plea counsel testified at the PCRA hearing. Specifically, Appellant testified that he asked counsel to file a post-sentence motion at the conclusion of the sentencing hearing. Appellant claimed that counsel acknowledged this request, because counsel "wrote something down on his pad and that was it." (N.T. PCRA Hearing, 3/16/22, at 7). Thereafter, Appellant claimed that he did not hear from counsel. After Appellant was transported to state prison, he finally learned that counsel did not file a post-sentence motion.

Contrary to Appellant's assertions, plea counsel testified that he did not recall Appellant making this request. Counsel testified that he kept a paper file in conjunction with his representation of Appellant, and he kept all notes related to this case in the file. Counsel "could not find anything" in his notes regarding Appellant's request for a post-sentence motion. (*Id.* at 18). Counsel also testified that he would have filed the post-sentence motion if Appellant had asked for one. (*See id.* at 25).

The PCRA court considered the testimony and made the following credibility determinations at a subsequent hearing:

> I am going to deny the post-conviction relief requested, I
> am going to find that [Appellant] has not met his burden;

> that he did not make the request that he testified to; that [plea counsel] was being truthful and honest, and he would have filed the post-sentence motions … had it been requested of him.

(N.T. PCRA Hearing, 5/18/22, at 3).

Here, the PCRA court found counsel's testimony to be credible, its finding is supported by the record, and we grant it deference. **See Johnson, supra**. In light of counsel's credible testimony, the court could not find him ineffective for failing to file a post-sentence motion where Appellant did not request one. **See Velasquez, supra**. On this record, the PCRA court's determination is free of legal error, and we affirm the order dismissing Appellant's PCRA petition. **See Parker, supra**.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Olson concurs in the result.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/6/2023*