J-S31034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YUSEF WHITEHEAD | : | |
| | : | |
| Appellant | : | No. 2402 EDA 2023 |

Appeal from the PCRA Order Entered August 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0501681-1997

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 29, 2024**

Yusef Whitehead ("Whitehead") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Whitehead's counsel, Attorney Todd M. Mosser ("Counsel"), has filed a petition to withdraw representation and an accompanying brief in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (en banc).  After review, we grant Counsel's petition to withdraw and affirm the order dismissing Whitehead's PCRA petition.

On March 19, 1997, Whitehead, then fifteen years old, and his co-defendant, Timothy Rose, abducted, raped, robbed, and murdered Calma

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Calida. On March 27, 1997, the Commonwealth charged Whitehead with murder and related offenses. The case proceeded to a jury trial, after which the jury convicted Whitehead of first-degree murder, rape, robbery, robbery of a motor vehicle, kidnapping, and conspiracy to commit murder. The trial court sentenced Whitehead to life imprisonment without parole for the first-degree murder conviction, and concurrent sentences for the remaining convictions.[2] Whitehead did not file a direct appeal.

On June 25, 2010, Whitehead filed a PCRA petition, which was amended on March 8, 2016, that challenged the legality of his life imprisonment without parole sentence based on *Miller v. Alabama*, 567 U.S. 460, 478 (2012) (holding that a sentencing scheme mandating the imposition of a sentence of life in prison without parole violates the Eighth Amendment), and *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) (concluding that *Miller* announced a substantive rule of constitutional law that applied retroactively on collateral review). On August 28, 2018, the PCRA court granted Whitehead's PCRA petition and vacated his sentence.

The trial court then resentenced Whitehead to fifty years to life imprisonment for first-degree murder and concurrent terms of five to ten

_____

[2] The trial court ordered Whitehead's sentence to be served consecutively to sentences previously imposed in unrelated criminal matters. Specifically, at the time of his sentencing in the underlying case, Whitehead was already serving a sentence of seventeen and one-half to thirty-five years in prison for rape and aggravated assault convictions.

years in prison for the other offenses. The trial court further ordered that Whitehead's sentence would be served concurrently to the unrelated sentences he was already serving. Whitehead did not file a post-sentence motion but filed a direct appeal to this Court.

This Court affirmed the Whitehead's judgment of sentence, finding that his challenge to the discretionary aspects of sentencing was waived for failing to raise the issue in a post-sentence motion or at sentencing. *Commonwealth v. Whitehead*, 2820 EDA 2018, 2020 WL 1042643 (Pa. Super. Mar. 3, 2020) (non-precedential decision). On April 12, 2022, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Whitehead*, 276 A.3d 702 (Pa. 2022).

On January 18, 2023, Whitehead filed a pro se PCRA petition. The PCRA court appointed Counsel, who filed an amended petition, arguing that resentencing counsel, Attorney Jonathon Krinick, was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence after he was resentenced. The PCRA court held an evidentiary hearing on Whitehead's PCRA petition, at which Attorney Krinick and Whitehead testified. The PCRA court then dismissed the petition. Whitehead filed a timely appeal. The PCRA court directed Whitehead to file a 1925(b) Statement, which Counsel, on behalf of Whitehead, failed to do.

On appeal, Counsel has filed a *Turner*/*Finley* no-merit brief and petition to withdraw. Whitehead filed a pro se response to the *Turner*/*Finley*

brief. Before addressing the merits of either filing, we must consider whether Counsel met the technical requirements of *Turner*/*Finley*. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). To be permitted to withdraw from PCRA representation, counsel must

> proceed under [*Turner*/*Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

In his *Turner*/*Finley* brief, Counsel describes the nature and extent of his review, identifies the issue that Whitehead seeks to raise, and explains why the issue lacks merit. Additionally, Counsel provided Whitehead notice of his intention to withdraw from representation, a copy of the *Turner*/*Finley* brief and petition to withdraw as counsel and advised Whitehead of his immediate right to proceed pro se or with privately retained counsel in lieu of his representation. Accordingly, we conclude that Counsel has complied with the requirements necessary to withdraw as counsel. We now independently review Whitehead's claim that "prior resentencing counsel was ineffective for

- 4 -

failing to preserve a challenge to the discretionary aspect of [Whitehead's] sentence." **Turner**/**Finley** Brief at 2; **see also** *Pro Se* Response to **Turner/Finley** Brief at 2.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Wilson**, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). Appellate courts are bound by the PCRA court's credibility determinations if they are supported by the record. **Commonwealth v. Rizor**, 304 A.3d 1034, 1058 (Pa. 2023). "An appellate court cannot substitute its judgment for that of the finder of fact." **Commonwealth v. Collins**, 70 A.3d 1245, 1251 (Pa. Super. 2013). "With respect to the PCRA court's legal considerations, we apply a de novo standard of review." **Commonwealth v. Lopez**, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

When faced with an ineffective assistance of counsel claim, "we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citation omitted). To establish an ineffectiveness claim, a PCRA petitioner must plead and prove, by a preponderance of evidence, that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction."

*Commonwealth v. Felix*, 303 A.3d 816, 819 (Pa. Super. 2023) (citation and quotation marks omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.* "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) (citation and quotation marks omitted).[3]

The record reflects that Attorney Krinick testified that he and Whitehead met in a booth next to the courtroom after sentencing. N.T., 8/14/2023, at 17, 22, 25. Attorney Krinick indicated that he reiterated Whitehead's rights to reconsideration and appeal, and asked Whitehead whether he wanted to file a post-sentence motion. *Id.* at 18. According to Attorney Krinick, Whitehead stated that he did not want to file a post-sentence motion or a direct appeal. *Id.* 18, 22. Attorney Krinick did not hear from Whitehead until after the ten-day period for filing a post-sentence motion expired. *Id.* at 20. Attorney Krinick indicated that Whitehead sent a letter requesting that he file an appeal, and then proceeded to file a pro se notice of appeal before Attorney Krinick had the opportunity to file one on his behalf. *Id.* at 20, 22-23; *see also id.* at 20, 23.

---

[3] "[C]ounsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011).

Conversely, Whitehead testified that the sentencing judge told Attorney Krinick to file a post-sentence motion at the end of the resentencing hearing. *Id.* at 33, 36, 39, 42. Whitehead, however, admits that the transcript from the resentencing hearing does not include this statement. *Id.* at 39. Whitehead indicated that it was his understanding that Attorney Krinick would file a post-sentence motion. *Id.* at 33. Whitehead stated that his mother contacted Attorney Krinick to ascertain whether anything had been filed. *Id.* at 35.

The PCRA court found Attorney Krinick's testimony to be credible and Whitehead to be not credible. *See* PCRA Court Opinion, 11/8/2023, at 3, 6. "[A]ny conflict in the testimony goes to the credibility of the witnesses and is solely to be resolved by the factfinder." *Commonwealth v. Page*, 59 A.3d 1118, 1130 (Pa. Super. 2013).

As Whitehead concedes, there is nothing in the record to support his claim that the trial court ordered Attorney Krinick to file a post-sentence motion, but there is support for Attorney Krinick's statement that, following resentencing, he met with Whitehead "in the booth." *See* N.T., 8/28/2018, at 104. Because the PCRA court's credibility determination is supported by the record, *see Rizor*, 304 A.3d at 1058, Whitehead's claim has no arguable merit and Attorney Krinick had reasonable basis for not filing a post-sentence motion. *See Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa. Super. 1989) (concluding appellant failed to establish that he instructed

- 7 -

counsel to file the requisite motion counsel and therefore, counsel cannot "be deemed ineffective for failing to do what he was not requested to do").[4] Accordingly, Whitehead fails to establish that Attorney Krinick was ineffective. *See Felix*, 303 A.3d at 819.

In response to the *Turner*/*Finley* Brief, Whitehead baldly asserts that Counsel was ineffective for failing to file a 1925(b) statement, thus waiving Whitehead's ability to preserve his issue on appeal. *See* Pro Se Response to *Turner*/*Finley* Brief at 3. Whitehead further contends that Counsel's ineffectiveness resulted in a denial of his due process rights guaranteed by the Fourteenth Amendment. *Id.* Whitehead also states that Counsel was ineffective because his claim against Attorney Krinick had merit, and Counsel exacerbated the prejudice he sustained by filing a no-merit brief. *Id.*

Our Supreme Court recently held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new

_____

[4] We further note that Whitehead provides no discussion that the trial court abused its discretion in imposing the new sentence or that the result of appellate review would have been different had Attorney Krinick filed the post-sentence motion. In fact, the trial court set forth extensive reasons for the imposition of the new sentence, including its consideration of Whitehead's youth and attendant circumstances. *See* Trial Court Opinion, 11/9/2018, at 5-7; *see also Commonwealth v. Felder*, 269 A.3d 1232, 1245 (Pa. 2022) (stating that *Miller* "mandated only that a sentencer follow a certain process — considering an offender's youth and attendant characteristics — before imposing a life-without-parole sentence.") (citation omitted).

counsel or proceeding pro se)], even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 405 (Pa. 2021).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id.*** at 402 (citations, brackets, and quotation marks omitted). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." ***Id.*** at 403.

Whitehead has not established each prong of the ineffectiveness test, and instead presents bald allegations of PCRA counsel's ineffectiveness. Indeed, the failure to file a Rule 1925(b) concise statement did not render his claim waived on appeal, as this Court was required to review it based upon the filing of the ***Turner/Finley*** brief. Moreover, Whitehead has not demonstrated, through any reasoned analysis, that Counsel's filing of a ***Turner/Finley*** brief violated his right to due process. To the contrary, as stated above, Counsel correctly concluded that Whitehead's claim of ineffectiveness of counsel was meritless. Therefore, we conclude that Whitehead is not entitled to relief on his claims of PCRA counsel's

ineffectiveness. *See Bradley*, 261 A.3d at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief).

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024